## *In re* SAN ANTONIO & A. P. RY. Co.

*(Circuit Court, W. D. Texas.  November 18, 1890.)*

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

In a suit in the nature of a creditors' bill, brought in a state court by citizens of the state against a railroad company, also a citizen of the state, the trustee, under a mortgage on the railroad, who was a citizen of another state, intervened.  *Held,* that there was no separable controversy within the removal act of 1888, § 2, providing that one of several defendants may remove any suit, in which "there shall be a controversy, which is wholly between citizens of different states, and which can be fully determined as between them."

In Equity.  On motion to remand.

This was a suit in the nature of a creditors' bill, brought in a state court by citizens of the state of Texas against the San Antonio & Aransas Pass Railway Company, a corporation of that state.  The Farmers' Loan & Trust Company is a citizen of the state of New York, and the trustee under a mortgage on the railroad.  A receiver having been appointed by the state court, the trust company intervened, and removed the cause.

*R. Houston* and *Wm Aubrey,* for motion.

*M. F. Mott, contra.*

PARDEE, J., *(orally.)*  The Farmers' Loan & Trust Company was not made a party by the plaintiffs.  It has not been called in warranty.  It shows no liability on its part to protect the defendant.  It makes no claim to the revenues of the railway property nor to its possession.  Its sole interest in the case is to assert its lien and the priority thereof.  It has no interest in defeating plaintiffs' demands further than to secure priority for itself.  I am therefore of the opinion that the Farmers' Loan & Trust Company, intervenor in this cause, is mainly an intervening plaintiff, and only in a very limited way can be considered as an intervening defendant.  Counsel are referred on this point to *Noble* v. *Meyers,* 76 Tex. 280, 13 S. W. Rep. 229.  In the present case I seriously doubt whether the Farmers' Loan & Trust Company can be considered a defendant at all, within the meaning of the third clause of the second section of the act of 1888, (25 St. at Large, 434.)  However this may be, I am satisfied that, in the present cause sought to be removed, there is no controversy wholly between citizens of different states, which can be fully determined as between them.  To the plaintiffs' suit, the defendant railway company is a necessary party.  The plaintiffs' action is in the nature of a creditors' bill, and is brought to establish their rights against the railway company, as well as against all lienholders and other creditors.  A determination of their rights, as against the Farmers' Loan & Trust Company, is only a small part of their case.  Separate defenses do not create separate controversies, within the meaning of the removal act.  For adjudicated cases directly in point, see *Insurance Co.* v. *Huntington,* 117 U. S. 280, 6 Sup. Ct. Rep. 733.  In *Graves* v. *Corbin,* 132 U. S. 571, 10 Sup. Ct. Rep. 196, cases settling the proposition are collected and reviewed.  The motion to remand is granted.

MAXEY, J., (*orally.*) I concur fully in the views expressed by Judge PARDEE in ordering the cause to be remanded to the state court. For two reasons the suit is not removable, under the act of 1888: *First.* The Farmers' Loan & Trust Company, which seeks the removal, occupies the attitude of an intervening plaintiff. It is the actor, the complaining party, the plaintiff, as to the cause of action which it seeks to enforce, and cannot be held to be within the meaning of the act a defendant who alone is accorded the right to remove by the terms of the law. *Second.* If, in legal contemplation, the trust company could be construed, or held, to be, a defendant, it would still be precluded from removing the cause, on the ground that there is not in the suit a controversy wholly between citizens of different states, which could be fully determined as between them. To the full and final determination of the controversy, Johnson and Hansen and the intervenor, the Farmers' Loan & Trust Company, the San Antonio & Arkansas Pass Railway Company is not only a proper but a necessary party. The debts claimed against the railway company by both Johnson and Hansen and the trust company, are the principal thing, and the liens but an incident; and, in order to adjudge the existence of the dates, and establish the validity of the liens, the debtor's presence before the court is indispensable. But when the debtor makes its appearance, as the railway company herein did, upon the original institution of the suit against it, we have directly presented a controversy not wholly between citizens of different states, which could be fully determined as between them. Upon the hypothesis that the trust company could be considered as a defendant, the controversy is one between a citizen of Texas, as plaintiff, and a citizen of Texas and a citizen of New York, as defendants; hence it follows that the suit is not removable under the third clause of section 2 of the statute invoked by the intervening trust company.