**CENTRAL OF GEORGIA RAILWAY COMPANY, Third-Party Plaintiff-Appellant,**

v.

**RIEGEL TEXTILE CORPORATION, Third-Party Defendant-Appellee.**

No. 28078.

United States Court of Appeals, Fifth Circuit.

May 13, 1970.

W. J. Sullivan, Jr., W. H. Sadler, Jr., Birmingham, Ala., for plaintiff-appellant.

London, Yancey, Clark & Allen, James E. Clark, Birmingham, Ala., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

This case concerns the scope of the removal statute, 28 U.S.C. § 1441.[1]

---

1. "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

\*　　\*　　\*　　\*　　\*

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of ac-

Steed filed an FELA claim against
Central of Georgia Railway Company,
his employer, in the Circuit Court of
Jefferson County, Alabama. Central
filed a third-party complaint against
Riegel Textile Corporation, claiming in-
demnity in whole or in part, under the
terms of a track agreement.[2]

Riegel petitioned for removal of the
case to the United States District Court
for the Northern District of Alabama,
alleging diversity of citizenship between
itself and Central in that Central is a
Georgia corporation and Riegel a Dela-
ware corporation with principal place of
business in New York. The District
Court granted motions to remand urged
by both Steed and Central, holding that
the third party complaint did not raise a
"separate and independent claim" as re-
quired for removal under § 1441(c).

Back in state court plaintiff Steed
moved to strike the third party com-
plaint on the grounds that it unduly
prejudiced his claim. The Alabama trial
court severed the third party complaint
for trial purposes[3] and set the original
action for trial.

Once again Riegel petitioned for re-
moval, relying once more on § 1441(c).

The District Court granted the motion
of Steed to remand as to the FELA ac-
tion, but denied the motion of Central to
remand, retaining jurisdiction over the
indemnity claim. The District Court
certified, and we accepted, the case for
interlocutory appeal under 28 U.S.C. §
1292(b).

The cases are hopelessly divid-
ed on whether and under what circum-
stances a third party defendant may re-
move to federal court.[4] There are three
thorny problems:

[I]s a third party defendant a de-
fendant within the meaning of §
1441; is the application of § 1441(c)
limited to claims joined by the plain-
tiff; is a third party claim sufficient-
ly unrelated to the main claim to be a
separate and independent cause of ac-
tion.

1A Moore, Federal Practice, § 0.167[10]
at 1049 (1961).[5] The District Court did
not wrestle with these issues. We con-
clude that subsection (c) is inapplicable
to the facts of this case, therefore we
need reach only the first of the problems
described by Moore.[6] Subsection (c) de-
scribes the conditions under which an

tion, the entire case may be removed
and the district court may determine
all issues therein, or, in its discretion,
may remand all matters not otherwise
within its original jurisdiction."

2. "The Tenant [Riegel] also agrees to
indemnify and hold harmless the Rail-
way [Central] from loss, damage or
injury from any act or omission of the
Tenant, its employees or agents, to the
person or property of the parties here-
to and their employees and to the per-
son or property of any other person or
corporation, while on or about said
track; and if any claim or liability
other than from fire shall arise from
the joint or concurring negligence of
the parties hereto, it shall be borne by
them equally."

3. "The court is of the opinion, and is rea-
sonably satisfied that the trial of the
two matters would prove to be unduly
complicated and confusing; further
that the 3rd party action was filed very
belatedly (about 21 months after the

original suit was filed) and that com-
plications in respect thereto prevented a
trial at the 1st setting on Jan. 6, 1969,
and. it appears likely that unless the
third party comp. is stricken or severed
other complications will make it impos-
sible to try this case at its next setting,
accordingly the court is reasonably sat-
isfied that the third party controversy
should not be tried as a part of the orig-
inal case."

4. For an array of opposing decisions, see
Coleman v. A & D Machinery Co., 298 F.
Supp. 234 (E.D.Calif.1969).

5. For a discussion of the thorniest of the
three, the elements of a separate and in-
dependent cause of action, see American
Fire & Casualty Co. v. Finn, 341 U.S. 6,
71 S.Ct. 534, 95 L.Ed. 702 (1951).

6. The District Court's original remand
order, finding that the third party claim
did not bring the entire case within § 1441
(c), was not appealed from and is not
here at issue.

"entire case may be removed." It does not reach the issue of the removeability of a third party controversy which has been severed from the original action. The severance order of the Alabama trial court was a determination that expediency and the interests of the parties were best served by treating the case as two lawsuits. A federal court may respect that determination.[7]

There remains Moore's first question, whether Riegel is a defendant within the terms of § 1441(a). Moore argues for policy reasons that a third party defendant is outside section 1441(c), discussed above. His concern is that the filing of a third party action should not be allowed to defeat the plaintiff's choice of forum. 1A Moore, *supra*, at 1050 n. 12, quoting Brown v. Hecht Co., 78 F.Supp. 540, 544, 545 (D. Md. 1947). His argument that removal in such situations "is too much akin to the tail wagging the dog," 1A Moore, *supra*, at 1052, has no application where by judicial surgery tail and dog have been separated. Where removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in Riegel's position is as much a "defendant" as if an original action had been brought against him. This is fully in accord with the policy behind the removal statute of providing a federal forum to an out-of-stater sued in state court.

In reaching this result, we have considered competing policies, state and federal, which might call for a different disposition. The state may wish to promote settlements by keeping in one court actions growing out of the same transaction. Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284 (D.N.J. 1954). To the extent that this is a real problem, it is a consideration for the state trial court in making its decision whether or not to sever.

There is a federal interest in seeing that the removal statute is applied uniformly to litigants in all states. As the Supreme Court said in Shamrock Oil & Gas Corp. v. Sheets,

> The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied.

313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214, 1217 (1941). The question in *Shamrock* was whether the characterization of a plaintiff-respondent to a counterclaim as a "defendant" under Texas procedure would suffice to allow him to remove. With reference to this focal issue, the Supreme Court stated, immediately preceding the above quoted sentence, that

> decision turns on the meaning of the removal statute and not upon the characterization of the suit or the parties to it by state statutes or decisions.

*Id.*

Ironically, as Moore points out, discrimination in another form is the consequence of *Shamrock*. While that decision forbids removal by plaintiffs defending counterclaims, however they may be characterized, it allows removal by defendants in separate actions which would have been brought as counterclaims had the procedure of the forum state allowed it. Therefore, removeability after *Shamrock* may turn on the forum state's choice of the most expeditious way to handle multiple claims. See 1A Moore, *supra*, at 1052, n. 22. Our decision has the same consequences.

The order of the trial court denying remand of Central's claim against Riegel is affirmed.

---

7. Central urges that the Alabama appellate courts have not had the opportunity to pass on the propriety of the severance procedure either in this case or in any other involving third party actions under Code of Ala., Tit. 7 § 259(2) (1967 Supp.). While such considerations might prompt a federal court to hold a case in abeyance pending final disposition in the state courts, they do not affect its removal jurisdiction.