Mrs. Gertywyl Amakyi **GAMBLE**, who sues in her capacity as Administratrix of the Estate of her deceased husband, Robert Gamble, Plaintiff,

v.

**CENTRAL OF GEORGIA RAILWAY COMPANY**, a corporation, Defendant and Third-Party Plaintiff,

v.

**McGREGOR PRINTING CORPORATION**, a corporation, Third-Party Defendant.

Civ. A. No. 996–E.

United States District Court,
M. D. Alabama, E. D.
March 22, 1973.

Fred D. Gray, Gray, Seay & Langford, Tuskegee, Ala., and Al G. Rives, Rives, Peterson, Pettus, Conway & Burge, Birmingham, Ala., for plaintiff.

Roy L. Smith, Smith & Smith, Phenix City, Ala., for defendant.

W. F. Horsley, Samford, Torbert, Denson & Horsley, Opelika, Ala., for third-party defendant.

## ORDER ON MOTION TO REMAND

VARNER, District Judge.

This proceeding was filed in the Circuit Court of Macon County, Alabama, by the Plaintiff, widow of deceased railroad employee, for employee's wrongful death in Bullock County, Alabama, while in the course of his employment, allegedly as the result of the negligence of the Defendant Railroad, its servants and agents acting in the line and scope of their authority. The proceeding is filed under the Federal Employers Liability Act. The Defendant Railroad impleaded a Third-Party Defendant under the State Third-Party Practice Act, Code of Alabama, Title 7, § 259(2). The Defendant Railroad alleged that the Third-Party Defendant is contractually responsible in whole or in part to the Defendant Railroad for any liability it may have in the premises as a proximate result of the negligence of the Third-Party Defendant.

The Third-Party Defendant removed the proceeding to this Court under the provisions of Title 28, §§ 1441(c) and 1445.[1] The petition for removal pointed out, and it is now stipulated, that the citizenship of all parties is of different states and that the jurisdictional amount is involved. The cause is submitted on Plaintiff's motion to remand the case to the State Court.

The theory of the removal is that, though the original proceeding under the Federal Employers Liability Act would not ordinarily be removable under the provisions of said § 1445, the third-party proceeding, being a separate controversy, because of the requisite diversity of citizenship and jurisdictional amount is removable; and that, therefore, the whole matter is removable to this Court. § 1441(c).

The authorities are in conflict. A number of cases have held that such cases may not be removed to the federal court on the theory that the impleaded third-party cause of action is merely incidental or auxiliary to the main issue and is not a separable controversy which may be removed to this Court, Panzer v. Lyons Cafeterias, (E.D.N.Y.1937) 21 F. Supp. 263; VonHerwarth v. Gristede Bros., (S.D.N.Y.1937) 20 F.Supp. 911, 912; or on the theory that it is unjust to permit a party not sued by the plaintiff, but subsequently brought into the case only at the option of the original defendant, to force the original plaintiff to a trial in a forum not of his own selection and which would have no jurisdiction of the case as stated by the plaintiff himself, Brown v. Hecht Co., (D.C.Md.1947) 78 F.Supp. 540, 544, 545.

Reason for allowing removal was given in the opinion, Industrial Lithographic Co. v. Mendelsohn, (D.C.N.J.1954) 119 F.Supp. 284, 286, as follows:

"It would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, at page 104 [61 S.Ct. 868, at page 87, 85 L.Ed. 1214], '* * * the removal statute which is nation-wide in its operation, was intended to be uniform in its application, unaffected by local law definition or char-

---

1. § 1441. "(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

§ 1445. "(a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States."

acterization of the subject matter to which it is to be applied.'

"If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, McKesson & Robbins, Inc. might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law, as would appear to be the effect of *Professor Moore's* dictum and the opinion in the Sequoyah case." See Moore's Federal Practice, Vol. 1A, ¶ 0.167(10), at page 1051.

Other cases have permitted the removal of the third-party claim as a separable controversy, Central of Georgia Railway Co. v. Riegel Textile Corporation, (C.A. 5, 1970), 426 F.2d 935, or they have permitted removal of both controversies and have exercised their § 1441(c) discretion to remand the FELA case as a matter not otherwise within the district court's original jurisdiction.[2]

Professor Moore, Moore's Federal Practice, Vol. 1A, ¶ 0.167(10), states the following:

> "We do not, however, believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog. Moreover, third-party claims in one view are too ancillary to the main action to be classified as separate and independent claims.

"To summarize the judicial attitude toward third-party claim and removal:

"1. Courts agree that a third-party claim cannot afford a basis for removal unless the 'separate and independent claim or cause of action' of 1441(c) applies.

"2. Some courts permit removal under § 1441(c), by a third-party defendant, of a separate and independent third-party claim which could be removed if sued on alone. This takes the entire action into the federal court. The district court may, however, exercise its discretion and remand all matters not otherwise within its original jurisdiction.

"3. Other courts do not permit removal on the basis of a third-party claim, although it would have been removable by the defending party if the claim had been sued on alone. These courts limit removal under § 1441(c) to a party defending against claims which have been joined by the plaintiff.

"To us the last view is the sound one. The purely statutory right of removal is a limited right that is not to be expanded by judicial construction. If the original defendants have no right to remove the plaintiff's suit, or if the original defendants have chosen not to exercise their right of removal, why should an ancillary defendant to an ancillary claim be construed, absent an expressed statutory declaration, to have the right to remove and defeat the main parties' choice of the state forum? We believe the joinder of claims under § 1441(c) is limited to the plaintiff's claims. And for the reasons expressed concerning counterclaim and cross-claim defendants, we believe that a third-party defendant is not a defendant within the meaning of § 1441."

---

2. Ted Lokey Real Estate Co. v. Gentry, 336 F.Supp. 741 (ND Tex.1972); Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284 (DC N.J.1954); Wayrynen Funeral Home v. J. G. Link & Co., 279 F.Supp. 803 (DC Mont. 1968).

■ This Court has reservations about several aspects of the views taken by Professor Moore. Often the third-party defendant is, to the exclusion of the original defendant, the real party who is interested in the defense; the analogy of the tail wagging the dog is hardly applicable where the third-party defendant is more nearly the dog than is the original defendant. As to Professor Moore's question quoted hereinabove as to, "Why should an ancillary defendant to an ancillary claim be construed, absent an expressed statutory declaration, to have the right to remove and defeat the main parties' choice of the state forum", the answer is twofold:

First, to do otherwise might invite collusion between a plaintiff and a defendant who will be fully protected by a third-party defendant. In a court hostile to the third-party defendant or to the original defendant, a conspiracy so as to increase as much as possible the liability of the third-party defendant is a serious hazard. The third-party defendant, as much as the original defendant, is subject to the local prejudices against which the original diversity-jurisdiction-removal procedure was adopted to protect.

Secondly, it seems to this Court that there is an expressed statutory declaration giving the right to remove to a third-party defendant. As more fully discussed hereinafter, although § 1445 makes FELA cases nonremovable on a general basis, § 1441(c) provides a specific exception to the general rule by allowing removal of an otherwise nonremovable case if joined with a separate cause of action which is removable.

The purpose of joinder—including third-party procedure—is to facilitate justice. This purpose—one of the most basic in jurisprudence—should not be discouraged by technicality.

The Court of Appeals for the Fifth Circuit in Central of Georgia Railway Co. v. Riegel Textile Corp., supra, approached the problem. Parts of that opinion are illuminating, as follows:

"The cases are hopelessly divided on whether and under what circumstances a third party defendant may remove to a federal court. There are three thorny problems:

"(I)s a third party defendant a defendant within the meaning of § 1441; is the application of § 1441(c) limited to claims joined by the plaintiff; is a third party claim sufficiently unrelated to the main claim to be a separate and independent cause of action.

"1A Moore, Federal Practice, ¶ 0.-167(10) at 1049 (1961). The District Court did not wrestle with these issues. We conclude that subsection (c) is inapplicable to the facts of this case, therefore, we need reach only the first of the problems described by Moore. Subsection (c) describes the conditions under which an 'entire case may be removed'. It does not reach the issue of the removability of a third party controversy which has been severed from the original action.
* * *

"(3) There remains Moore's first question, whether Riegel is a defendant within the terms of § 1441(a)."

For reasons not here applicable, the Court of Appeals then found that the third-party defendant is as much a defendant as if an original action had been brought against him and found that this finding was fully in accord with the policy behind the removal statute of providing "a federal forum to an out-of-stater sued in a state court".

■ While, because of factual differences, we may not be found by the Fifth Circuit's construction of the word "defendant," we agree that, within the meaning of the terms of § 1441(a), a third-party defendant is a defendant and that the purpose of the removal statute of providing a federal forum to an "out-of-stater sued in state court" is best served thereby.

Having determined that the Third-Party Defendant is a defendant within the meaning of § 1441, we turn to the other two "thorny problems" mentioned in Central of Georgia Railway Co. v. Riegel Textile Corp., supra, 426 F.2d at 937, that is, whether § 1441(c) is limited in application to claims "joined" by the plaintiff and whether a third-party claim is sufficiently unrelated to the main claim to be a "separate and independent claim or cause of action" within the meaning of § 1441(c).

█ In seeking to understand the terms, we look to the statutes themselves and to the purpose of the statutes and construe each statute in the light of, and, as nearly as possible, consistently with the purpose of the other statutes.

The parties agree that 28 U.S.C. § 1445[3] provides that a proceeding for damages under the Federal Employers Liability Act is nonremovable. The opinions are somewhat vague as to the purpose of Congress in making suits against railroads nonremovable under § 1445, while suits against other corporations and individuals having diversity of citizenship and requisite jurisdictional amount are removable. In Lee v. Toledo Railway Co., 193 F. 685, the district court in Illinois wrote the following:

"[T]he right of removal does not exist in a case arising under the Act * * *. It may be difficult to assign a reason for a discrimination in cases of this nature, but the courts have no concern in this regard, while Congress, possessing the power, as they undoubtedly do, may grant the right of removal in such cases as may to them seem proper, or withhold such right in every case. The right of removal from a state court of concurrent jurisdiction to a United States court is a legislative creation alone, and the courts can act only within and in conformity to the provision of such legislation. The question is not one of jurisdiction, but of the right of removal from a court of competent jurisdiction to another of concurrent jurisdiction."

A state judge has written in Lloyd v. North Carolina Railway Co., 162 N.C. 485, 78 S.E. 489, that the purpose was to withdraw the right of removal of actions thereunder to federal courts, and to require the review of federal questions by writ of error to the state court. Perhaps a more reasonable purpose of the Act disallowing removability of such actions was to require railroads to be more sensitive to local demand and local interest in jurisdictions through which they operate. A federal district court in Nebraska, 1912, wrote in Hulac v. Chicago, etc. Railway Co., 194 F. 747, that:

"One of the rights which Congress had in mind was the right of the servant to choose the forum in which his actions should be litigated." See also Brown v. Hecht Co., supra.

The congressional purpose of limitations in other statutes on removability has been judicially construed to be "to restrict the jurisdiction of the federal courts on removal", Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214.

██ Section 1441(a) provides that "Except as otherwise expressly provided by Act of Congress, any civil action * * * in State court * * * of which the district courts * * * have original jurisdiction, may be removed by the defendant * * * to the district court * * *." Section 1332 grants original jurisdiction to federal district courts of "all civil actions where the matter in controversy exceeds the sum or value of $10,000 * * * and is between citizens of different States." The "supposition is that possibly the state tribunal may not be impartial between its own citizens and nonresidents", Pease v. Peck, 18 How. 595, 59

3. § 1445. "(a) A civil action * * * against a railroad * * * may not be removed * * *."

U.S. 595, 15 L.Ed. 518, and the purpose of allowing removal in diversity cases is "to insure a competent and impartial tribunal for citizens of different states." Burt v. Isthmus Development Co., (C.A. 5, 1955) 218 F.2d 353, cert. den. 349 U. S. 922, 75 S.Ct. 661, 99 L.Ed. 1254.

Section 1441(c) provides that:

"(3) Whenever a *separate and independent claim or cause of action*, which would be removable if sued upon alone, is *joined* with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." (Emphasis added)

The word "join" is defined "to become united, associated or combined" or "to bring or put together." The American College Dictionary. See also Ballentines Law Dictionary. This Court sees no reason to apply any other meaning to the word "joined" in its statutory sense. Had Congress intended that the statute be construed to apply only to separate causes of action "joined" by the plaintiff, it could easily have added the words "by the plaintiff" to the statute. The third-party practice statute of the State of Alabama, Code, Title 7, § 259(2), and the federal third-party practice rule, Federal Rules of Civil Procedure, Rule 14(a), contemplate the joining, combining and associating of two causes of action for the purpose of trial. That practice facilitates the trial of multiple issues wherein several liability of parties may more easily be determined in one cause, and it, therefore, fulfills the national purpose of facilitating judicial procedure by avoiding duplication of effort and diminishing multiplicity of suits so that full justice may be done as simply and as expeditiously as possible. This Court is, therefore, of the opinion that a third-party procedure is a procedure which is "joined" with the original

proceeding for determination by a court within the meaning of the term "joined" as it appears in § 1441(c).

It has not been seriously contended by the parties in this case that the action by the Third-Party Plaintiff against the Third-Party Defendant is not sufficiently unrelated to the main claim to be a separate and independent cause of action. In the view of this Court, the claim of the original Defendant, to the effect that the Third-Party Defendant is liable over in whole or in part to the original Defendant for whatever its liability may be to the Plaintiff, on the theory of contract, is a separate and independent cause of action against the Third-Party Defendant within the meaning of § 1441(c).

This Court is, therefore, of the opinion that the otherwise nonremovable FELA action is "joined" with the removable cause of action by the Defendant Railroad against the Third-Party Defendant and that, pursuant to § 1441(c), this Court "may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Having determined that the whole procedure was properly removed, we turn to the effect thereof and the right of the trial court to dispose of all matters now pending before it. We review and approve the words of Professor Moore in discussing the effect of the holdings of those courts allowing removal by third-party defendants, as follows:

"And while removal by the third-party defendant takes the entire action into the federal court under § 1441(c), the district court in its discretion may remand all matters not otherwise within its original jurisidiction." Moore's Federal Practice, Vol. 1A, page 1051.

In exercising this discretion, this Court must bear in mind that the parties have not seriously insisted that any grave disservice would result from

severing the causes and trying the original suit in the state court and trying the third-party action in this Court. Both the Plaintiff and the Third-Party Defendant contemplate in brief and argument the trial of the FELA action in the state court, and this is clearly consistent with the purposes of § 1445 which would ordinarily prohibit removal of a FELA case. No case has been cited to this Court wherein a federal court has exercised its discretion to hear a FELA case. While the intent of Congress in requiring that suits against railroads be tried in state courts may have been to require railroads to be directly answerable to the public in the various jurisdictions wherein they do business or to limit federal jurisdiction and while the removal of such cases on a regular basis would defeat these possible purposes of Congress, the removal of individual cases in isolated incidents would, in the judgment of this Court, in no serious way thwart the intent of Congress thereunto pertaining. While the policies of Congress should be considered in the matter of the exercise of this Court's discretion, this Court is of the opinion that they should be weighed in the light of other public policies such as the need for judicial economy. Considerable time and duplication of effort could probably be saved by trying all aspects of this case in the same court. It may be in the state's best interest to promote a settlement of these cases by keeping both cases in the same court. Industrial Lithographic Co. v. Mendelsohn, supra; Central of Georgia Railway Co. v. Riegel Textile Corp. supra, 426 F.2d at page 938. There is additionally the federal interest in seeing that the removal statute is applied uniformly to litigants in all states. Shamrock Oil & Gas Corp. v. Sheets, supra. While a balancing of the factors does not strongly favor either side, the Third-Party Defendant is entitled to a trial in this Court and judicial economy favors disposing of all aspects of the proceeding in this Court.