**FORD MOTOR CREDIT COMPANY,**
Plaintiff,

v.

**Vernon C. LILES et al.,**
Defendants.

**No. 75-0153-D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Sept. 3, 1975.

Ralph W. Newcombe, Lawton, Okl., C. Harold Thweatt, Oklahoma City, Okl., for plaintiff.

H. Richard Raskin, Tulsa, Okl., for Kenneys.

James L. Kee, Duncan, Okl., for Liles.

## ORDER OF REMAND

DAUGHERTY, Chief Judge.

This action was removed to this Court from the District Court of Stephens County, Oklahoma, by Plaintiff Ford Motor Credit Company (Ford Credit) and by Ford Motor Company (Ford Motor) which designated itself as a Defendant on Cross-Petition. The action was originally filed in State Court by Plaintiff Ford Credit against Vernon C. Liles and Thresia Liles (the Lileses) and William Kenney and Phyllis E. Kenney (the Kenneys) to collect sums allegedly due on continuing guaranty agreements executed by the Lileses and the Kenneys which guaranteed indebtedness owed by Kenney Liles Ford, Inc. (Ken-

ney-Liles) to Ford Credit.[1] Pursuant to a Motion by the Kenneys, the State Court joined Kenney-Liles and Ford Marketing Corporation and the Ford Automobile Division of Ford Motor Company.[2] The Kenneys thereafter filed their Answer and Cross-Petition in the State court in which multiple claims are asserted against both Ford Credit and Ford Motor relating to the establishment, operation and termination of Kenney-Liles as a Ford dealer. The entire action was then removed to this Court by Ford Credit and Ford Motor on the basis both parties were defendants to the Cross-Petition. The Petition for Removal alleges that the claim against Ford Motor is separate and independent from that asserted against Ford Credit.

Ford Motor and Ford Credit filed a Motion for a More Definite Statement and Separation of Alleged Defenses and Causes of Action Against the Respective Movants. Said Motion is directed towards the Answer and Cross-Petition filed by the Kenneys. This Court on March 22, 1975 abated said Motion and advised the parties that the Court was concerned whether the case was properly removed to this Court and advised the parties that the Court was considering remanding same sua sponte. The Defendants Kenney thereafter filed a Motion to Remand Cause to State District Court. Said Motion is accompanied by a Brief. Ford Credit and Ford Motor have filed a Brief in opposition to said Motion. The Kenneys filed a Supplemental Brief in support of their Motion to which Ford Credit and Ford Motor have responded. The Lileses have filed a letter urging that the case be remanded.

The Kenneys contend that Ford Credit as the original Plaintiff cannot remove a case even if it has been subjected to a cross-petition. They rely on the case of *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). They further contend that Ford Motor is a mere nominal party with interests identical to Ford Credit which they allege is a wholly owned subsidiary of Ford Motor.

Ford Motor and Ford Credit urge that the issues set up by the Kenneys as to the acquisition of a Ford dealership are directed towards Ford Motor and not Ford Credit and that same should be considered as separate and independent claims. It appears that Ford Motor then argues that the Court should at least retain the separate portion of the case asserted against it. It relies on the case of *Central Georgia Ry. Co. v. Riegel Textile Corp.,* 426 F.2d 935 (Fifth Cir. 1970) wherein it was held that a claim which had been severed by a State Court was thereafter removable.

The Kenneys in their Supplemental Brief urge that the issues are not separate and further that Ford Motor was joined in the State Court as a party plaintiff and thus it could not remove the case under the holding and rationale of the *Shamrock, supra,* case. The Kenneys also assert in this Brief that they are entitled to costs for the alleged improper removal pursuant to 28 U.S.C. § 1447. Such costs were requested in their Motion to Remand.

Ford Motor and Ford Credit urge in their Response that their position is that Ford Motor had a right to remove this case. They further urge that Ford Motor is not a mere nominal party to the Cross-Petition for the reason that a $100,000 judgment is sought by the Kenneys against Ford Motor. They also contend that costs should not be assessed if the Court determines the removal was improper.

---

1. Ford Credit also sued the Lileses on a separate cause of action on a promissory note. This cause of action is noted by the Court but need not be further referred to relative to the issues before the Court at this time.

2. Ford Motor is stated to be the successor to Ford Marketing Corporation. Ford Automotive Division of Ford Motor Company is stated to be a mere division of Ford Motor and not to be a separate entity in itself.

**1284**

■ At the outset, the Court determines that Ford Credit was the Plaintiff which initiated the State court action and as such cannot remove said action to this Court even if it is subjected to a Cross-Petition in the State Court. *Shamrock, supra; International Buyers Corp. v. B & H Tire Co.,* Case No. CIV–73–488–D per unpublished Order of September 10, 1973 (W.D.Okla.1973). The rationale of these holdings is based on the fact that the provisions of 28 U.S.C. § 1441 only provide for removal of cases by Defendants. The Court makes a preliminary determination that the original action filed by Ford Credit and the Cross-Petition filed against Ford Credit was removed improvidently and without jurisdiction and this portion of the action should be remanded to the State Court from which it was removed, pursuant to 28 U.S.C. § 1447(c). The Court declines to assess costs relating to this remand for reasons which will be set out hereafter.

■ Certain matters should be clarified by the Court prior to its considering whether a separate claim or controversy exists as to the claim against Ford Motor. The State Court ex parte Order joining Ford Motor into the action stated it was to be joined as Plaintiff if it would voluntarily consent to be joined as a Plaintiff, but otherwise it would be ordered to appear and defend as a defendant. The record discloses Ford Motor has not consented to said joinder and further that the Kenneys issued process against Ford Motor to bring it into the case. This Court finds Ford Motor is not a Plaintiff in the action. In *Shamrock, supra,* the Supreme Court directed that Federal Courts should not look to State Court classifications of parties or characterization of actions in determining whether removal is proper under Federal law. The Court must classify the parties according to Federal procedure. The relationship of the Kenneys and their claim against Ford Motor would be classified as a Cross-Claim Against Co-Party pursuant to Rule 13(g), Federal Rules of Civil Procedure.

■ In *Parks v. Physicians & Surgeons Building Corporation,* 324 F.Supp. 883 (W.D.Okl.1971) this Court stated:

> "It is not the function of this Court to rearrange State lawsuits to suit Federal jurisdiction. The Court must take the removed case in the precise form in which it arrives in this Court, and if it is not removable in that form, remand it."

The above statement is why the Court abated the Motion for a More Definite Statement and Separation of Alleged Defenses and Causes of Action Against the Respective Movants. In looking to the form of the case in which it arrived in this Court, it appears that the Kenneys have attempted to assert a claim against Ford Motor to which they have joined asserted claims against Ford Credit. Said pleading is not in good form and under the circumstances all doubt should be resolved against the pleader. However, it is the opinion of this Court that enough doubt exists as to whether the Cross-Claim against Ford Motor constitutes a separate and independent claim from the original action brought by Ford Credit that an adequate determination cannot be made from the present state of the record. Ford Motor would not be precluded from obtaining such a determination in the State Court if the case is remanded. In *Denver United States National Bank v. Rippey,* 260 F.Supp. 717 (D.Colo. 1966) the Court stated:

> "It must be concluded that section 1441(c) operates to limit federal jurisdiction and 'all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction.' *Greenshields v. Warren Petroleum Corporation,* 10 Cir. 1957, 248 F.2d 61, 65. See also *Druen v. Druen,* D.Colo.1965, 247 F.Supp. 754, 756."

This Court is of the opinion that the instant case should be remanded to the State Court. It is further of the opinion that much of the "doubt" which exists in this case is caused by very poor pleadings on the part of the Kenneys and thus their requests for costs should be denied.

It is ordered that the entire case herein be remanded to the District Court of Stephens County, Oklahoma. The Clerk of this Court will effect said remand to said Court.