Ruby **CARLTON**

v.

**Dr. Edward H. WITHERS.**

**Civ. A. No. 84–975–B.**

United States District Court,
M.D. Louisiana.

April 29, 1985.

Robert J. Mack, Mack & O'Neal, Hammond, La., Mary Thornton Duhe', Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for plaintiffs.

John Swanner, Seale, Smith & Phelps, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

The issue presented in this case is whether a person who intervened as a plaintiff in a state court action and who was later named as a defendant in a counterclaim has a right to remove the counterclaim to federal court. This matter is before the Court on the motion of the plaintiff, Ruby Carlton, to remand this action to the Twenty First Judicial District Court, for the Parish of Livingston, State of Louisiana. No oral argument is required on this motion.

This suit was filed to recover damages resulting from an automobile accident that occurred on January 31, 1980, in Tennessee. Ruby Carlton originally filed suit in the Twenty First Judicial District Court on May 2, 1980, against the following defendants: (1) Dennis Carlton, a Louisiana resident; (2) Excalibur Insurance Company, a foreign insurance company which insured McNair Transport, Inc.; and, (3) McNair Transport, Inc., a Delaware corporation, having its principal place of business in Texas. On May 11, 1983, Dr. Edward H. Withers, a citizen of Texas, filed a petition to intervene in the plaintiff's suit pending in Livingston Parish to recover for medical services incurred by Ruby Carlton. On June 24, 1983, Ruby Carlton filed an answer to the doctor's intervention. Thereafter, Ruby Carlton filed an amended answer to the intervention in which she also filed a counterclaim against Dr. Withers seeking $500,000 in damages for his alleged improper and unlawful conduct in connection with his deposition in the state court proceeding. The amended answer and counterclaim was served on Dr. Withers on August 28, 1984. On September 28, 1984, Withers filed a petition to remove only this counterclaim pursuant to 28 U.S.C. § 1446(b),[1] claiming diversity of citizenship as the basis of subject matter jurisdiction. See 28 U.S.C. § 1332.

Thereafter, Ruby Carlton timely filed a motion to remand.[2] Her motion to remand

1. 28 U.S.C. 1446(b) provides, in pertinent part, that:

 If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from whch it may first be ascertained that the case is one which is or has become removable.

2. As noted in footnote 1, a petition for removal must be filed within thirty days. The removal

is based upon three grounds: (1) 28 U.S.C. § 1441(c) is not applicable because the claim against Dr. Withers is not a "separate and independent claim or cause of action"; (2) the removal was improper because all defendants in the case did not join in the petition for removal; and, (3) Dr. Withers voluntarily submitted himself to the jurisdiction of the state court by filing the petition of intervention, and therefore, is not a "defendant" for the purposes of the removal statute.

■ The Court agrees with Ruby Carlton that 28 U.S.C. § 1441(c) is inapplicable to the present set of facts, although not for the reasons stated by the plaintiff nor with the same result contemplated by the plaintiff. 28 U.S.C. § 1441(c) provides that:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, *the entire case may be removed* and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within the original jurisdiction. (Emphasis added.)

The statute is unambiguous and clearly grants a defendant the authority to remove the entire case consisting of non-removable claims and a "separate and independent claim or cause of action" that would be removable if sued upon alone. However, § 1441(c) is not authority to remove only a claim that would have been removable if it had been sued upon alone.[3]

The fact that the Court has determined that 28 U.S.C. § 1441(c) is inapplicable to the present set of facts does not necessarily mandate a remand of this action to the state court. Instead, the Court must determine whether the action was properly removed under 28 U.S.C. § 1441(a), which provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division enbracing the place where such action is pending.

The plaintiff contends that Dr. Withers voluntarily submitted himself to the jurisdiction of the state court by filing the petition of intervention, and therefore, is not a "defendant" for the purpose of removal. Plaintiff relies on *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941) to support her contention. In *Shamrock*, the United States Supreme Court held that a plaintiff in a state court action could not remove a counterclaim filed against it because it was not a "defendant" for purposes of removal. In *Shamrock*, the United States Supreme Court relied upon its holding in an earlier decision in *West v. Aurora City*, 6 Wall. 139, 73 U.S. 139, 18 L.Ed. 819 (1867). The Court concluded that "the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." *Shamrock*, 61 S.Ct. at 871. Dr. Withers contends, however, that *Shamrock* is distinguishable from the present set of facts because he was not the original petitioner, but rather an intervenor. Therefore, Dr. Withers argues he is a defendant in the counterclaim and should be entitled to remove this action to federal court.

■ The question presently before this Court is whether Dr. Withers, an intervenor in a state court action, can be classified as a defendant so that he may be entitled to remove this action. Federal law determines who is a plaintiff and who is a

---

petition was not filed until the thirty-first day. While the parties have not discussed the issue of timely removal, the court will do so later in this opinion.

**3.** *See Central of Georgia Railway Co. v. Riegel Textile Corp.,* 426 F.2d 935, 937 (5th Cir.1970), in which the Fifth Circuit stated that "[s]ubsection (c) [of 28 U.S.C. § 1441] describes conditions under which an entire case may be removed."

defendant for purposes of applying the removal statute. *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954).[4]

Section 1446(a) authorizes removal only by defendants. *Chicago, R.I. & P.R. Co. v. Strude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317; *Housing Authority of City of Atlanta, Ga. v. Millwood,* 472 F.2d 268 (5th Cir.1973). A plaintiff may not remove a case to federal court, even when they are in a position of a defendant with regard to counterclaims asserted against him. *Oregon Egg Producers v. Andrew,* 458 F.2d 382 (9th Cir.1972); *Ford Motor Credit Co. v. Liles,* 399 F.Supp. 1282 (W.D.Okla. 1975).[5] In *Andrew,* the Court held that "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court." 458 F.2d at 383.

In determining diversity jurisdiction, parties must be aligned according to their real interests. *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941) rehearing denied 314 U.S. 714, 62 S.Ct. 355, 86 L.Ed. 569 (1941); *Hamer v. New York Rys. Co.,* 244 U.S. 266, 37 S.Ct. 511, 61 L.Ed. 1125 (1917). This principle applies when determining the propriety of removal based upon diversity jurisdiction. *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317; *Peters v. Standard Oil*

*Co.,* 174 F.2d 162 (5th Cir.1949). Therefore, in the present case, Dr. Withers, an intervenor in the state court proceeding must be aligned by this Court as a matter of federal law either as a plaintiff or a defendant. Once so aligned, then the Court may determine if the case was properly removed by a defendant.

In his petition for intervention, Dr. Withers alleged that the plaintiff had assigned to him "all sums which may be due her as a result of the accident of January 31, 1980, in an amount to cover the fees for professional medical services rendered to the plaintiff subsequent to the accident of January 31, 1980, sued upon herein."[6] In addition, the petition of intervention prayed

[t]hat any damages recovered by the plaintiff in this suit be so apportioned in the judgment so that the claim of Intervenor for professional and medical services rendered to the plaintiff subsequent to the accident sued upon shall take precedent over that of plaintiff to the extent of the professional medical services rendered ... and that the defendant Excalibur Insurance Company be ordered to pay to Intervenor any sums recovered against it in this action up to and including....[7]

As in *In re San Antonio & A.P. Ry. Co.,* 44 Fed. 145 (C.C.W.D.Tex.1890), the intervenor "has no interest in defeating plaintiffs' demands further than to secure priority for itself." Since Dr. Withers' intervention is merely another mechanism to adjudicate his and Ruby Carlton's rights against

---

**4.** In *Stude,* the Court stated that "[f]or purposes of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 105, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941), where the Court stated that "[t]he removal statute which is nationwide in it operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." *See also: City of Owatonna v. Chica-*

go, *R.I. & P.R.R.,* 298 F.Supp. 919 (D.Minn. 1969); *Mason City & Ft. D.R. Co. v. Boynton,* 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907); 1A *Moore's Federal Practice,* ¶ 0.157[7], p. 142–143; 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3730 (2d ed. 1985).

**5.** *See also* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, §§ 3730–3731 (2d ed. 1985).

**6.** See paragraph 3 of the petition for intervention and attachment "A" thereto.

**7.** See paragraph 3 of the prayer of the petition for intervention.

the initial defendants in the state court suit, and since such rights (or a proportion thereof) have been assigned to him, this Court holds that the intervenor here, as the one in *In re San Antonio & A.P. Ry. Co.*, 44 Fed. 145, must be aligned as a plaintiff.[8]

Since Dr. Withers has been aligned as a plaintiff by the Court, he has no right to remove the counterclaim filed against him in state court since the right to remove a case to federal court is accorded to defendants only. Counsel for intervenor places great emphasis upon the fact that it is not the intervention that was removed, but rather the counterclaim. This Court feels that once a party has been classified as a plaintiff, the principles set forth above in this opinion apply which preclude removal in this case. Although the intervenor, in defending a counterclaim, is for that purpose a "defendant", he is not a "defendant" within the meaning of the removal statute since he has been aligned as a plaintiff by virtue of the pleading which introduced him into the state court suit.

Since Dr. Withers as a plaintiff had no right to remove this action, the Court finds that this action was removed "improvidently and without jurisdiction". Therefore, in accordance with 28 U.S.C. § 1447(c)[9], this Court must order a remand of this action to the Twenty First Judicial District Court for the Parish of Livingston.[10]

■ In addition, the Court must note that the removal petition was not timely filed as required by § 1446(b). The time limitations in § 1446(b) are mandatory and must be strictly construed in accordance with the computation principles set forth in Rule 6 of the Federal Rules of Civil Procedure. *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124 (5th Cir.1982).[11] Dr. Withers was served with the counterclaim on August 28, 1984. The removal petition was filed on September 28, 1984, thirty one days after service of the counterclaim. While Ruby Carlton has not moved to remand on the ground that the removal was untimely, she has objected to the removal. Therefore, for this additional reason, this suit must be remanded to state court.

Therefore:

IT IS ORDERED that the motion of the plaintiff, Ruby Carlton, to remand this action to the Twenty First Judicial District Court, for the Parish of Livingston, State of Louisiana, be and it is hereby GRANTED.

Judgment shall be entered accordingly.

---

8. *See also Ford Motor Credit Co. v. Liles,* 399 F.Supp. 1282 (W.D.Okla.1975), where the Court held that a party that originally filed an action in state court to collect sums allegedly due on a continuing guaranty agreement executed by defendants was precluded in its capacity as a plaintiff from removing the action to federal court even if it was subjected to a cross petition by defendants in state court.

9. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs".

10. Since the Court has determined that this action was removed improvidently and without jurisdiction because the intervenor is not a defendant, the Court sees no necessity in addressing the plaintiff's contention that this action should be remanded because all the defendants did not join the petition for removal.

11. *See* generally 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, § 3732 (2d ed. 1985).