**Katherine G. ORILLION, et al.**

v.

**TEXACO, INC., et al.**

**Civil Action No. 96–7462–B–M2.**

United States District Court, M.D. Louisiana.

Jan. 24, 1997.

**14.** Ducre v. Executive Officers of Halter Marine, Inc., 752 F.2d 976, 984 (5th Cir.1985).

**15.** Ducre, 752 F.2d at 984.

**16.** Ducre, 752 F.2d at 985.

**19.** Ducre, 752 F.2d at 986.

**20.** 752 F.2d 976 (5th Cir.1985).

Scott R. Bickford, Duggan F. Ellis, Martzell, Thomas & Bickford, New Orleans, LA, William M. Hudson, III, Oats & Hudson, Lafayette, LA, André F. Toce, André F. Toce & Associates, Lafayette, LA, John R. Martzell, Martzell & Bickford, New Orleans, LA, for plaintiffs.

William T. D'Zurilla, Ewell E. Eagan, Jr., Gordon, Arata, McCollam, Stuart & Duplantis, New Orleans, LA, for defendants.

### RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This motion is before the Court on plaintiffs, motion to remand. For the reasons which follow, the motion is granted.

### FACTS AND PROCEDURAL HISTORY

This case involves a dispute regarding alleged pollution occasioned by the production of oil and gas from various leases in and around the Fordoche Field which is located in Pointe Coupee Parish, Louisiana. In the 1940's, landowners in the Fordoche Field, including the plaintiffs and/or their predecessors in title, granted oil, gas and mineral leases to various individuals and oil companies. Plaintiffs contend that the operations conducted on plaintiffs' properties allegedly caused pollution. Plaintiffs filed this action on April 16, 1996 in the Eighteenth Judicial District Court in the Parish of Pointe Coupee against the defendants asserting various theories of liability.

On October 30, 1996, American Exploration Company of Delaware ("American"), which was named as a defendant in the main demand by the plaintiffs, asserted a third party demand against the Federal Deposit Insurance Corporation ("FDIC") in an attempt to enforce a hold harmless and indemnification agreement. American contends that, when it named the FDIC as a third party defendant, the entire lawsuit must be considered as an action arising under the laws of the United States pursuant to 12 U.S.C. § 1819(b)(2)(A), and thus is removable pursuant to 28 U.S.C. § 1441. Texaco, Inc., Texaco Exploration and Production, Inc., Helene Antoinette Andrau Siegler, William E. Andrau, and Barbara Andrau Peck Powell consented to the removal on November 12, 1996; Ronnie Theriot and the Burkwall Corporation consented to the removal on November 14, 1996. Although American asserts that "all defendants [have] timely filed consents to the removal," [1] it is clear that one named defendant, Suzette Chauvin Lowe, has not consented to removal. The record fails to establish whether service of process has

1. American's Memorandum in opposition to Motion to Remand ("American's Memo") at 3.

been made on Lowe. Because neither party has asserted that Lowe's consent was necessary for removal, the Court presumes that Lowe was an unserved defendant at the time of removal, and therefore, her consent is unnecessary.

Plaintiffs contend this Court should remand the case for the following reasons: (1) American has not complied with the removal procedure set forth in 28 U.S.C. § 1446; (2) this Court lacks subject matter jurisdiction because American has failed to exhaust administrative remedies against the FDIC pursuant to 12 U.S.C. § 1821(d)(13)(D); (3) removal is improper because the FDIC has not been joined as a party to this suit, and therefore, this Court lacks subject matter jurisdiction; and (4) American has offered no proof that it will succeed on the merits for indemnification against the FDIC.

Before addressing plaintiffs' arguments, the Court will first discuss whether a third party plaintiff (American) may properly remove this case to federal court by filing a third party action against the FDIC.

## ANALYSIS

 The question neither party has addressed is whether American, as a third party plaintiff, may permissibly remove a case to federal court under 28 U.S.C. § 1446. As noted above, American was originally named as a defendant in the state court proceeding. Prior to removing this suit to federal court, American named the FDIC as a third party defendant. American subsequently removed this case to federal court under the premise that if the FDIC is a party, then the entire suit "shall be deemed to arise under the laws of the United States."[2]

It is clear that a plaintiff, who files suit in state court, may not later remove the suit to federal court. In this case, American, as a third party plaintiff, removed the suit to

federal court based on a third party claim that it filed against the FDIC, a third party defendant. The FDIC, as a third party defendant, did not remove this suit to federal court. In filing the third party claim against the FDIC in state court, American chose to litigate its claim against the FDIC in the state forum. Although the FDIC, in its capacity as a third party defendant, has the right to remove this suit to federal court, this right cannot be transferred to the third party plaintiff which has brought the third party action. 28 U.S.C. § 1446(a) "authorizes removal only by defendants."[3] Thus, American may not remove its claim for indemnification against the FDIC to federal court. Since all claims against the FDIC are federal claims under 12 U.S.C. §.. 1819(b)(2)(A), American could have filed its suit for indemnification against the FDIC in federal court. However, American chose the state court forum and is now bound by its decision to litigate the claim in that forum. Having chosen to litigate its claim in state court, American may not now remove the case to federal court.

Because the Court finds that this suit was improperly removed to federal court, the Court will not consider the plaintiffs' arguments in support of their motion to remand. The Court remands this case back to the Eighteenth Judicial District Court in the Parish of Pointe Coupee pursuant to 28 U.S.C. § 1447(d).

Therefore:

**IT IS ORDERED** that the plaintiffs' motion to remand be and it is hereby GRANTED.

---

**2.** 12 U.S.C. § 1819(b)(2)(A). In short, § 1819(b)(2)(A) states that if the FDIC is a party to a suit in any capacity, the suit "shall be deemed to arise under the laws of the United States." However, § 1819(b)(2)(B) gives only the FDIC (in any capacity—even as a plaintiff) the right to remove the action to federal court within certain time limitations.

**3.** *Carlton v. Withers,* 609 F.Supp. 146, 149 (M.D.La.1985) (citing *Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *Housing Authority of City of Atlanta, Ga. v. Millwood,* 472 F.2d 268 (5th Cir.1973)).