William Anthony **BRUMFIELD**, a Minor, by and through George Brumfield, His Father and Next Friend, Plaintiff,

v.

Willard Joy **STUCK**; Chester N. Leonhardt, d/b/a Leonhardt Superior Trees; G. C. Harrington; and Leonhardt Development Company, Inc., a Corp., Defendants,

and

Vermeer Manufacturing Co., Additional Defendant.

Civ. No. 69–62.

United States District Court W. D. Oklahoma.

April 1, 1969.

Larry Sizemore, Foliart, Shepherd Mills, Oklahoma City, Okl., for plaintiff.

Gus Rinehart, Oklahoma City, Okl., for Vermeer Mfg. Co.

Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for Stuck and Leonhardt dba, Leonhardt Development Co.

Halley, Spradling & Stagner, Oklahoma City, Okl., for Leonhardt Development & Leonhardt.

Lowell E. Clifton and Lawrence H. McMillin, Oklahoma City, Okl., for Harrington.

ORDER REMANDING CASE

DAUGHERTY, District Judge.

The Plaintiff sues the Defendants in state court for damages resulting from a motor vehicle collision. The Defendants by state permitted procedure filed a

third party action against the additional Defendant, Vermeer Manufacturing Co., for indemnity regarding the collision. Vermeer has removed the entire case to this Court on the basis of diverse citizenship between the original Defendants and the Additional Defendant Vermeer and that the third party action is a separate and independent action from the original action under the provisions of 28 U.S. C. § 1441(c).[1] The Plaintiff has moved to remand. The original Defendants support the Motion to Remand.

The Court finds and concludes that the Motion to Remand should be sustained and the entire case should be remanded to state court. The third party action is not a separate and independent claim or cause of action under 28 U.S.C. § 1441(c). Being of the nature of indemnity should the original Defendants be found responsible for the collision, the third party action is dependent upon the original action and is not separate and independent therefrom. Moreover, if the third party action should be deemed separate and independent from the original action, the same was not joined by the Plaintiff in his original Petition which is a further requirement of 28 U.S.C. § 1441(c). Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (ND Ill.1967); Cannon v. Goodyear Tire & Rubber Company, 241 F.Supp. 23 (ED S.Car.1965); Harper, et al. v. Sonnabend v. Hadley, 182 F.Supp. 594 (SD N.Y.1960); Burlingham, Underwood, Barron, etc. v. Luckenback S. S. Co., 208 F.Supp. 544 (SD N.Y.1962); White v. Baltic Conveyor Company, 209 F.Supp. 716 (D N.J.1962); Shaver v. Arkansas-Best Freight System, Inc., 171 F.Supp. 754, (WD Ark.1959); Rager v. Crampes v. Williams, 223 F.Supp. 346 (WD Ky.1963).

It is, therefore, ordered that the entire controversy herein is hereby re-

manded to the state court from which removed. The Clerk of this Court will take the necessary action to remand the case.

---

1.  28 U.S.C. § 1441(c), reads as follows:
    "§ 1441.  *Actions removable generally*
    (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."