Elizabeth PARKS, Plaintiff,

v.

PHYSICIANS & SURGEONS BUILDING CORPORATION, an Oklahoma Corporation, Defendant.

General Elevator Company, a corporation, Cross-Defendant,

Dover Corporation, a corporation, Cross-Defendant.

Civ. No. 71–104.

United States District Court, W. D. Oklahoma, Civil Division. April 20, 1971.

---

John R. Couch, Oklahoma City, Okl., for plaintiff.

Dale Reneau, Oklahoma City, Okl., for defendant.

B. J. Cooper, Oklahoma City, Okl., for cross-defendant Dover.

R. D. Looney, Oklahoma City, Okl., for cross-defendant Gen. Elevator.

## ORDER TO REMAND

DAUGHERTY, District Judge.

Plaintiff sued Defendant Physicians & Surgeons Building Corporation in State Court claiming damages for injuries allegedly caused by the malfunctioning of an elevator in this Defendant's building. On motion of Physicians & Surgeons Building Corporation, the State Court allowed the joinder of Cross-Defendants Dover Corporation and General Elevator Company as additional parties defendant and permitted Physicians & Surgeons to cross-claim against them seeking indemnity of Plaintiff's action against it. Dover Corporation removed to this Court and Physicians & Surgeons as well as Plaintiff separately moved for remand. All parties are Oklahoma citizens except Dover Corporation.

Dover Corporation contends that Physicians & Surgeons' cross-claim against it is separate and independent for the reason that under Oklahoma procedure, it cannot be properly joined in the State action. Dover Corporation also contends that this Court's decision in Brumfield v. Stuck, 298 F.Supp. 380 (Okl.1969) is in error.

Brumfield v. Stuck involved an indemnity claim by the original defendant against the removing defendant. This is the case here and also in Hyde v. Carder, 310 F.Supp. 1340 (Ky.1970). The Court does not believe its decision in Brumfield v. Stuck is in error but rather is correct and wholly in conformity with the authoritative pronouncements in this area. To sustain the position of Dover Corporation herein, the Court would have to overrule the action of the State Court in permitting Dover Corporation's joinder as an additional party defendant and the cross-claim against it and treat the indemnity claim against Dover Corporation as if it were a suit originally brought by Physicians & Surgeons after a recovery from it by Plaintiff. It is not the function of this Court to rearrange State lawsuits to suit Federal jurisdiction. The Court must take the removed case in the precise form in which it arrives in this Court, and if it is not removable in that form, remand it. If it should later become removable because of some action of the State Court, then another removal attempt would be in order. This was the situation in Central of Georgia Railway Co. v. Riegel Textile Corp., 426 F.2d 935 (5 Cir. 1970).

The claim on which removal is sought is not a separate and independent claim. It is, by its very nature, dependent on the outcome of the main action. Brumfield v. Stuck, *supra*. Moreover, Plaintiff in the State action did not sue Dover Corporation and its joinder and the filing of the cross-claim against it by Defendant Physicians & Surgeons Building should not be allowed to defeat the Plaintiff's choice of forum and will not support removal by said Defendant.

Brumfield v. Stuck, *supra*; Central of Georgia Railway Co. v. Riegel Textile Corp., *supra*. Dover Corporation appears to suggest that the Court should retain the indemnity claim and remand the balance of the suit to State Court, citing as authority for this procedure Myers v. Cain, 287 F.Supp. 352 (Mont. 1968). In the opinion of this Court, that decision begs the question. In order to determine whether it has Federal jurisdiction, it creates Federal jurisdiction by paring out of the case the non-federal elements. The true question is whether the claim or cause of action for which removal is sought is separate and independent, not whether it can be made so by judicial surgery. It is inconceivable to this Court that an indemnity claim, dependent on the outcome of a non-removal action, is separate and independent thereof.

The Motions to Remand of Plaintiff Parks and Defendant Physicians & Surgeons Building Corporation are granted and the case is remanded to the Oklahoma County District Court from which it was improvidently removed.