**Stephen T. HALL, Scott M. Howard and Gary Kuenzel, Plaintiffs,**

v.

**Joseph McNAMARA, Chief of Police of San Jose, and Robert J. Logan, City Attorney for San Jose, Individually and in their official capacities, Defendants.**

No. C–77–2521–CBR.

United States District Court,
N. D. California.

July 26, 1978.

Robert C. Moest, Barry A. Fisher, Law Offices of Barry A. Fisher, Beverly Hills, Cal., for plaintiffs.

Robert J. Logan, City Atty., Franklin T. Laskin, Deputy City Atty., San Jose, Cal., for defendants.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

This is a civil rights action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02 by three individual members of the Holy Spirit Association for the Unification of World Christianity ("Unification Church"). Plaintiffs seek to enjoin enforcement of the San Jose Charitable Solicitation Licensing Law (San Jose Municipal Code §§ 4300 *et seq.*; San Jose Ordinance 18348) on the ground that it is unconstitutional on its face and as applied to plaintiffs' distribution of religious tracts and solicitation of donations for their church on the sidewalks and other public places in San Jose. Essentially, the ordinance being challenged creates a Public Solicitation Commission and empowers it to investigate applicants for solicitation permits and then to issue or to deny such permits. Solicitation without a permit is a misdemeanor. San Jose Municipal Code §§ 4302, 4314. Defendants in this case are the San Jose City Attorney and the San Jose Police Chief, the individuals charged with the implementation and enforcement of the solicitation ordinance.

In the summer of 1977, plaintiffs applied for a charitable solicitation permit from the San Jose Public Solicitation Commission, pursuant to the ordinance. On July 5, 1977, the Commission denied plaintiffs' application, stating that the "Unification Church did not meet the permit requirement, under Section 4304/Ord. 18348, that a list of local board members be on file."[1] The Unification Church appealed this decision, and on September 12, 1977, the San Jose Administrative Appeals Commission unanimously upheld the permit denial. Plaintiffs thereupon brought this suit on November 8, 1977. On the same date, this Court temporarily enjoined the enforcement of the ordinance and code sections at issue as against the plaintiffs. The temporary injunction remained in effect pursuant to stipulation of the parties.

The case is now before the Court on plaintiffs' motion for summary judgment and on defendants' cross-motion for summary judgment. The parties agree that there is no genuine issue as to any material fact. *See* Fed.R.Civ.P. 56(c). The Court grants plaintiffs' motion, declaring that the San Jose Ordinance is unconstitutional and permanently enjoining its enforcement as against plaintiffs.

It is well settled that the First Amendment includes within its protections the right to distribute literature and to solicit funds for the support of religious organizations. *See Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council*, 425 U.S. 748, 761, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); *Murdock v. Pennsylvania*, 319 U.S. 105, 111, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Jamison v. Texas*, 318 U.S. 413, 416–417, 63 S.Ct. 669, 87 L.Ed. 869 (1943); *Lovell v. Griffin*, 303 U.S. 444, 452, 58 S.Ct. 666, 82 L.Ed. 949 (1938); *Swearson v. Meyers*, 455 F.Supp. 88, 90 (D.Kan. 1978); *ISKCON v. Engelhardt*, 425 F.Supp. 176, 179–180 (W.D. Mo.1977). Any ordinance subjecting the exercise of these First Amendment rights to prior governmental approval is inherent-

---

1. Section 4304 provides in relevant part:

   "*Permit Requirements.* The Commission shall require the following information to be on file:

   "a. A copy of the Bylaws or Articles of Incorporation, the Internal Revenue Service tax-exemption determination letter, a financial statement for prior permit period, if any, a projected budget and a list of local board members * * *."

ly suspect and bears a heavy presumption against its constitutional validity. *See Shuttlesworth v. Birmingham,* 394 U.S. 147, 150–151, 89 S.Ct. 735, 22 L.Ed.2d 162 (1969); *Bantam Books v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1968); *Kunz v. New York,* 340 U.S. 290, 293–294, 71 S.Ct. 312, 95 L.Ed. 280 (1951). Although the freedoms protected by the First Amendment are not absolute and must yield to the compelling interest of the state in its protection of the safety and the welfare of the public, this state interest can only be served through regulations providing "narrow, objective, definite standards," so that the licensing of protected activities is not left to the unbridled discretion of government authorities. *See Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 553, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975), *quoting Shuttlesworth, supra,* 394 U.S. at 150, 89 S.Ct. 935; *Keyishian v. Bd. of Regents,* 385 U.S. 589, 603–604, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); *Cantwell v. Connecticut,* 310 U.S. 296, 305, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). As the United States District Court for the District of Kansas recently stated:

" * * * [T]he standards must be more than mere criteria or guidelines; they must be complete in and of themselves, and leave no factors to be assessed, judgments to be made, or discretion to be exercised by the appropriate licensing official. In other words, *the decision to grant or deny the license application must be virtually a ministerial one."* *Swearson v. Meyers, supra,* 455 F.Supp. at 91 (emphasis in original).

The standards for granting permits established by the San Jose Charitable Licensing Law do not meet this test. Therefore, the ordinance must be held unconstitutional.

Section 4301 of the San Jose Municipal Code outlines the powers of the Public Solicitation Commission. These include the power to investigate applicants "when such investigation is deemed necessary" (§ 4301c); to issue permits "valid for such period of time as shall be fixed by the Commission" (§ 4301d); to issue "short term or emergency permits" (§ 4201f); and to "deny or revoke solicitation permits if

the requirements of this chapter are not met, or investigation discloses that such solicitation would be, or is being, conducted in a fraudulent manner to the detriment of the citizens of San Jose" (§ 4301i).

■ The ordinance does not contain "narrow, objective, definite" standards which guide the Commission's exercise of its discretion to issue or to deny a solicitation permit. Nowhere is the scope of "emergency" or "short term" permits defined. Whether an investigation of an applicant is "deemed necessary" seems to be wholly within the discretion of the Commission, as is the scope and duration of any such investigation. *See Holy Spirit Ass'n v. Hudson,* Civ.Action No. CA–5–78–42, at 1 (N.D.Tex. May 2, 1978) (charitable solicitation ordinance which "vests the licensor with unlimited discretion over the scope and length of time of the license investigation" held unconstitutional). Finally, the only guidelines provided the Commission in determining whether to deny or revoke a permit is whether the solicitation "would be or is being conducted in a fraudulent manner," yet the cases are clear that this is an unconstitutional basis for the exercise of a licensor's discretion. *See Cantwell v. Connecticut,* 310 U.S. 296, 302, 305, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Schneider v. State,* 308 U.S. 147, 164–165, 60 S.Ct. 146, 84 L.Ed. 155 (1939); *ISKCON v. Kearns,* Civ.Action No. S–77–468, at 11–12 (E.D.Cal. April 27, 1978). A licensing authority can never know with any certainty whether a future solicitation is likely to be fraudulent. Thus, any ordinance which conditions the right to speak on whether or not the applicant is likely to engage in protected speech creates a significant risk that some persons will wrongfully be restrained from exercising their constitutional rights.

The San Jose ordinance also provides that permits are to be denied or revoked "if the requirements of this chapter are not met." San Jose Municipal Code § 4301i. These requirements mandate that the applicant file a list of "local board members"; "[a] descriptive statement of the need and the

charitable service to be provided through the use of the solicited funds"; a "statement that the solicitation is promoted solely by the desire to finance the charitable cause described on the application"; and a "statement that the administrative and fundraising costs are reasonable and do not exceed an appropriate portion of the total amount of funds solicited." San Jose Municipal Code § 4304. If the Commission is not satisfied with the applicant's compliance with these requirements, *i. e.*, if it feels there was an inadequate showing of "need," or that there was a non-charitable motivation for the solicitation, or that the fundraising costs were unreasonable, it may deny the permit. But it is clear that the ordinance provides no precise standards for determining whether these requirements are met. As a result, the decision whether to issue or to deny the permit application cannot be considered "ministerial." *See Swearson, supra*, 455 F.Supp. at 92. It is a decision left to the unbridled discretion of government authorities.

The result reached here is in complete accord with the most recent decisions in this field. In *Swearson v. Meyers, supra*, 455 F.Supp. 88, members of the Unification Church sought to have the solicitation licensing law of Kansas City, Kansas, declared unconstitutional and its enforcement enjoined. The ordinance, like the one before this Court, established a Charitable Solicitations Committee, empowered to investigate applicants for solicitation permits. As a basis for the Committee's recommendations as to whether a permit should be issued, the ordinance required consideration of whether "the *nature* and *conduct*" of the solicitation material is of a "*derogatory* or *inflammatory* nature, makes *false* or *excessive claims*, or makes an *unfair* or *inappropriate exploitation* of the *unfortunate* to be aided"; "whether at least seventy-five (75) percent of the total receipts of the last general solicitation * * * were used * * * for the *charitable and religious purposes* of the applicant"; "whether the applicant has an *active* and *responsible* governing body, serving without compensation, holding *regular meetings*, and with *effec-*

*tive* administrative control"; "whether the *failure to furnish* in the application the information required * * * is with or without *a reasonable explanation*"; and "whether the solicitation is *primarily* for the *private profit* of the promoters * *." *Id.* at 92–93 (emphasis in opinion). These considerations were held to be constitutionally defective on the ground that they were phrased in general terms, nowhere defined, "whose meaning 'men of common intelligence must necessarily guess at.'" *Id.* at 92. The court held that the ordinance improperly called upon the solicitations committee to assess factors, make judgments, and exercise discretion. *Ibid.* Such discretionary powers cannot be permitted. *See Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 554, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975); *Cantwell v. Connecticut, supra*, 310 U.S. at 305, 60 S.Ct. 900.

Similarly, in *ISKCON v. Kearns, supra*, F.Supp., plaintiffs sought an injunction and a declaration that the charitable solicitation ordinances of Sacramento City and County were unconstitutional. These ordinances, like the others, established a Charitable Solicitations Committee, empowered to review and to rule upon permit applications. In passing upon each application, the Committee was required to consider ten criteria, most of which were designed to reveal possible fraudulent intent. *Id.* at 3. If any one of the criteria were found to be unsatisfied, the Committee was required to deny the permit.

The court ruled that these ordinances were not intended merely to regulate the time, place, and manner of solicitation, but rather were intended "to regulate the content of speech, denying permits to solicit to those 'likely' to perpetrate frauds and making solicitation without a permit illegal." *Id.* at 4. For that reason, the court held that the solicitation ordinances operated as a constitutionally impermissible prior restraint. *Ibid.* Because the criteria for obtaining a permit were not "strictly limited in order to protect against administrative officials arbitrarily denying permits to those who would engage in protected

speech", the court found the ordinance could not be upheld. *Id.* at 5–6.

These authorities provide a sufficient basis for granting plaintiffs' motion for summary judgment. For that reason, the Court finds it unnecessary to discuss plaintiffs' due process safeguard arguments under *Freedman v. Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is granted.

IT IS HEREBY FURTHER ORDERED that defendants' cross-motion for summary judgment is denied.

IT IS HEREBY FURTHER ORDERED that defendants and each of them, their agents, officers, servants, employees, and all persons in active concert and participation with them are permanently enjoined from arresting or participating in the arrest of plaintiffs or their membership for violation of San Jose Municipal Code §§ 4300 *et seq.*, San Jose Ordinance 18348, where plaintiffs or their membership are engaged in the dissemination of religious literature and/or the solicitation of donations to support plaintiffs' church and to defray printing and other publication costs in those portions of the sidewalks and parks of the City of San Jose, California, generally open to the public.

IT IS HEREBY FURTHER ORDERED that counsel for plaintiffs shall prepare an appropriate form of judgment, obtain approval as to form from counsel for defendants, and submit it to the Court for execution within ten (10) days of the date of this order.