**FORD MOTOR CREDIT COMPANY, INC., a Delaware corporation, Plaintiff,**

v.

**AARON–LINCOLN MERCURY, INC., an Illinois corporation, Elliott Dulberger and Arthur Nelson, Defendants, Counter-Plaintiffs and Third Party Plaintiffs,**

v.

**FORD MOTOR COMPANY, a Delaware corporation, Third Party Defendant.**

No. 82 C 5350.

United States District Court, N.D. Illinois, E.D.

April 29, 1983.

See also, D.C., 563 F.Supp. 1118.

---

Alfred Y. Kirkland, Jr., Brady, McQueen, Martin, Collins & Jenson, Elgin, Ill., for plaintiff.

Arnold I. Kramer, Chicago, Ill., for defendants counter-plaintiffs and third party plaintiffs.

Thomas B. McNeill, Michael R. Feagley, John T. Hundley, Mayer, Brown & Platt, Chicago, Ill., for third party defendant.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

In this case we must decide an important question of federal jurisdiction—whether a third party defendant may remove an action filed in state court to this court when the original action is not removable.

On June 25, 1981, plaintiff Ford Motor Credit Corp. ("FMC") filed a complaint against defendants-third party plaintiffs Aaron-Lincoln Mercury, Inc. ("Aaron-Lincoln"), Elliott Dulberger ("Dulberger") and Arthur Nelson ("Nelson")[1] in the Circuit Court of McHenry County, Illinois. FMC sought to hold Aaron-Lincoln liable on a financing contract, and Dulberger and Nelson liable on their guarantees of the debts Aaron-Lincoln owed on the contract. Since the defendants in this action were all citizens of Illinois,[2] they could not remove the action to this court. *See* 28 U.S.C. § 1441(b) (1976).

On July 29, 1982, the defendants in the state action filed a second amended answer to the complaint which contained a counterclaim against FMC and a third party complaint against Ford Motor Co. ("Ford")[3] In the counterclaim and third party complaint, it was alleged that Ford had induced the franchisees to purchase a Ford dealership franchise by means of false and misleading statements, and that FMC had not lived up to its promise to provide the franchisees with adequate financing. It was also alleged that Ford had violated the Illinois Franchise Disclosure Act when selling the franchise. The third party complaint was served on Ford that day, and on August 27, 1982 it filed a timely petition to remove the case to this court under 28 U.S.C. § 1446(b) (1976).

The parties have not raised the issue of whether this case is removable under 28 U.S.C. § 1441 (1976).[4] However, since the question goes to the court's subject matter jurisdiction over the case, the question can be raised on the court's own motion. *See*

---

1. We will collectively refer to Aaron-Lincoln, Dulberger and Nelson as "the franchisees."

2. The petition for removal indicates that Aaron-Lincoln is an Illinois corporation with its principal place of business in Illinois and that Dulberger and Nelson are citizens of Illinois.

3. The petition for removal indicates that Ford is a citizen of Delaware, where it is incorporated, and Michigan, where it has its principal place of business.

4. They have mentioned it tangentially, however, in their memoranda on whether the case

Fed.R.Civ.P. 12(b)(1). Research discloses that there is substantial doubt as to whether a third party defendant may remove an otherwise nonremovable action.[5] Many courts have held that there is no removal jurisdiction in this situation.[6] This is also the position taken by the two leading commentators.[7] Other courts, including the only court of appeals to decide the question, have held that a third party defendant may remove a "separate and independent claim" within the meaning of 28 U.S.C. § 1441(c) (1976).[8]

## I

Removal in this case is predicated upon 28 U.S.C. § 1441(c) (1976). Therefore, we turn first to the question whether this case fits into that section.

The statute provides,

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1976). The statutory language raises two questions: has Ford removed "a separate and independent claim

was properly removed since FMC did not join in the removal petition. That question was mooted when FMC indicated its willingness to join in the petition.

**5.** One distinguished jurist has written that "it is not an exaggeration to say that at least on the surface the field luxuriates in a riotous uncertainty." *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y.1960).

**6.** *See Continental Resources & Mineral Corp. v. Continental Ins. Co.,* 546 F.Supp. 850 (S.D.W. Va.1982); *Knight v. Hellenic Lines, Ltd.,* 543 F.Supp. 915 (E.D.N.Y.1982); *Friddle v. Hardee's Food Systems, Inc.,* 534 F.Supp. 148 (W.D.Ark.1981); *Luebbe v. Presbyterian Hosp.,* 526 F.Supp. 1162 (S.D.N.Y.1981); *Hopkins Erecting Co. v. Briarwood Apartments,* 517 F.Supp. 243 (E.D.Ky.1981); *Folts v. City of Richmond,* 480 F.Supp. 621, 625 (E.D.Va.1979); *Avco-Aurora Industrial Bank v. Cline,* 459 F.Supp. 857 (D.Colo.1978); *Lowe's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008 (M.D. Ala.1977); *White v. Hughes,* 409 F.Supp. 1005 (W.D.Tenn.1975); *Mid-State Homes, Inc. v. Swain,* 331 F.Supp. 337 (W.D.Okl.1971); *Greater New York Mut. Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245 (E.D.Pa.1971); *Tuyagda Aluminum Prods. Corp. v. Hull Dobbs 65th Infantry Ford, Inc.,* 313 F.Supp. 774 (D.P. R.1970); *Fiblenski v. Hirschback Motor Lines, Inc.,* 304 F.Supp. 283 (E.D.Ark.1969); *Brumfield v. Stuck,* 298 F.Supp. 380, 381 (W.D.Okl. 1969); *Fountain Park Cooperative v. Bank of America National Trust & Sav. Ass'n,* 289 F.Supp. 150, 153–54 (C.D.Cal.1968); *Holloway v. Gamble-Skogmo, Inc.,* 274 F.Supp. 321 (N.D. Ill.1967); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716 (D.N.J.1962); *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.,* 208 F.Supp. 544 (S.D.N.Y. 1962); *Dowell Div. of Dow Chemical Co. v. Ormsby,* 204 F.Supp. 38 (E.D.Ky.1962); *Shaver v. Arkansas-Best Freight System, Inc.,* 171 F.Supp. 754 (W.D.Ark.1959); *Sequoyah Feed & Supply Co. v. Robinson,* 101 F.Supp. 680 (W.D. Ark.1951).

**7.** *See* 1A J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.167[10] (1982) [hereinafter cited as J. Moore]; 14 C. Wright & A. Miller, Federal Practice and Procedure § 3724 at 643–46 (1976) [hereinafter cited as C. Wright].

**8.** *See Carl Heck Engineers v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980); *Columbia Cas. Co. v. Statewide Hi-Way Safety, Inc.,* 94 F.R.D. 182 (D.N.J.1982); *Motor Vehicle Cas. Co. v. Russian River C'nty Sanitation Dist.,* 538 F.Supp. 488 (N.D.Cal.1981); *Peturis v. Fendley,* 496 F.Supp. 203 (S.D.Ala.1980); *Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977); *Gamble v. Central of Georgia Ry. Co.,* 356 F.Supp. 324 (M.D.Ala.), *rev'd on other grounds,* 486 F.2d 781 (5th Cir.1973); *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741, 743 (N.D.Tex.1972); *First Nat'l Bank v. Port Lavaca Vending Machines, Inc.,* 334 F.Supp. 375 (S.D.Tex.1971); *Coleman v. A & D Machinery Co.,* 298 F.Supp. 234 (E.D.Cal.1969); *Myers v. Cain,* 287 F.Supp. 352 (D.Mont.1968); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.,* 279 F.Supp. 803 (D.Mont.1968); *Rafferty v. Frock,* 135 F.Supp. 292 (D.Md.1955); *Industrial Lithographic Co. v. Mendelsohn,* 119 F.Supp. 284 (D.N.J.1954); *President & Directors of Manhattan Co. v. Monogram Associates, Inc.,* 81 F.Supp. 739 (E.D.N.Y.1949). *See also Croy v. Buckeye Int'l, Inc.,* 483 F.Supp. 402, 406–07 (D.Md.1979). *Cf. Central of Georgia Ry. Co. v. Riegel Textile Corp.,* 426 F.2d 935 (5th Cir.1970) (third party action that has been severed in state court is removable). In *McMahon v. City of Troy,* 122 F.Supp. 555 (N.D.N.Y.1954) removal was permitted, though that result may have been influenced by the parties' agreement that removal was proper.

or cause of action" and is its claim "joined with one or more otherwise non-removable claims or causes of action"? We examine both questions in turn.

■ The Supreme Court has construed § 1441(c)'s requirement of a separate and independent claim as necessitating a claim not based on the same wrongful conduct as that which gave rise to the non-removable claims. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 11–16, 71 S.Ct. 534, 538–541, 95 L.Ed. 702 (1951).[9] Where recovery in the allegedly removable claim is dependent on the result in the non-removable claim, the claims are not "separate and independent" within the meaning of § 1441(c).[10]

Here, FMC seeks to recover money owed it. In the franchisees' action against Ford, they attack Ford's conduct in inducing the franchisees to purchase the dealership. The course of conduct by which Ford induced the franchisees to buy the dealership was entirely separate from FMC's conduct in loaning the franchisees money.[11] Ford may well have misrepresented facts and violated the Illinois Franchise Disclosure Act's provisions but that in no way operates as a defense to FMC's claim for money owed it. The two claims are based on entirely separate contractual relationships—one between the franchisees and their franchisor, Ford, and another between the franchisees and their finance company, FMC. Ford's liability is in no way dependent on the result in the action between FMC and the franchisees.

■ *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741 (N.D.Tex.1972) is similar to this case. There the plaintiff sued on a contractual warranty, and the defendant filed a third party action alleging that its breach of the warranty was caused by the failure of the third party defendant to live up to a separate contract it had entered with the defendant. The court held that the third party action was a separate and independent claim, since it was premised on a separate contractual relationship from that between the plaintiff and defendant. The same is true here. The third party action against Ford is based on a separate relationship and a different course of allegedly wrongful conduct—Ford's inducements to get the franchisees to buy the dealership—than is the original action against the franchisees which is based on FMC's financing contract with them. The "separate and independent claim" requirement of § 1441(c) is satisfied here.

■ For removal to be proper under § 1441(c), it must also be the case that the third party action be "joined with one or more otherwise non-removable claims." A number of courts have concluded that this language refers only to claims "joined" by the plaintiff, so that a removable claim added to the case by a third party plaintiff fails to satisfy the statute.[12] However,

9. *See also Coleman v. A & D Machinery Co.,* 298 F.Supp. 234, 237 (E.D.Cal.1969).

10. *See Westwood Dev. Co. v. Higley,* 266 F.2d 555, 558 (5th Cir.1959); *Gray v. New Mexico Military Inst.,* 249 F.2d 28 (10th Cir.1957); *Parks v. Physicians & Surgeons Building Corp.,* 324 F.Supp. 883, 885 (W.D.Okl.1971); *Hyde v. Carder,* 310 F.Supp. 1340 (W.D.Ky.1970); *Brumfield v. Stuck,* 298 F.Supp. 380, 381 (W.D. Okl.1969); *Holloway v. Gamble-Skogmo, Inc.,* 274 F.Supp. 321, 322–23 (N.D.Ill.1967); *Rager v. Crampes,* 223 F.Supp. 346 (W.D.Ky.1963); *Harper v. Sonnabend,* 182 F.Supp. 594 (S.D.N. Y.1960); *Manternach v. Jones C'nty Farm Serv. Co.,* 156 F.Supp. 574 (N.D.Iowa 1957); *Schoneweather v. L.F. Richardson, Inc.,* 122 F.Supp. 692 (S.D.Mo.1954).

11. Ford's allegedly wrongful course of conduct is also entirely separate from the conduct at issue in the counterclaim—FMC's allegedly wrongful failure to loan the franchisees money.

12. *See Luebbe v. Presbyterian Hosp.,* 526 F.Supp. 1162, 1164–65 (S.D.N.Y.1981); *White v. Hughes,* 409 F.Supp. 1005, 1007 (W.D.Tenn. 1975); *United Founders Life Ins. Co. v. Blackhawk Holding Corp.,* 341 F.Supp. 483, 485 (E.D. Wis.1972); *Greater New York Mut. Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 248–49 (E.D.Pa.1971); *Brumfield v. Stuck,* 298 F.Supp. 380, 381 (W.D.Okl.1971); *Verschell v. Fireman's Fund Ins. Co.,* 257 F.Supp. 153, 154 (S.D.N.Y.1966); *Cannon v. Goodyear Tire & Rubber Co.,* 241 F.Supp. 23 (E.D.S.C.1965); *Sexton v. Allday,* 221 F.Supp. 169 (E.D.Ark. 1963); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716, 719–20 (D.N.J.1962); *Dowell Div. of Dow Chemical Co. v. Ormsby,* 204 F.Supp. 38, 39 (E.D.Ky.1962); *Shaver v. Arkansas-Best*

nothing in the statute compels this construction.

The word "join" is defined "to become united, associated or combined" or "to bring or put together." [citing dictionaries] This Court sees no reason to apply any other meaning to the word "joined" in its statutory sense. Had Congress intended that the statute be construed to apply only to separate causes of action "joined" by the plaintiff, it could easily have added the words "by the plaintiff" to the statute. The third party practice [rules] ... contemplate the joining, combining and associating of two causes of action for the purpose of trial. That practice facilitates the trial of multiple issues wherein several liability of parties may more easily be determined in one cause, and it, therefore, fulfills the national purpose of facilitating judicial procedure by avoiding duplication of effort and diminishing multiplicity of suits so that full justice may be done as simply and expeditiously as possible. This Court is, therefore, of the opinion that a third-party procedure is a procedure which is "joined" with the original proceeding for determination by a court within the meaning of the term "joined" as it appears in § 1441(c).

*Gamble v. Central of Georgia Railway Co.,* 356 F.Supp. 324, 330 (M.D.Ala.), *rev'd on other grounds,* 486 F.2d 781 (5th Cir.1973). Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress. A separate and independent claim against a third party defendant placed into a single lawsuit with the claims brought by the original plaintiff is as much "joined" to those claims as any other type of claim, and may be removed under § 1441(c). *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133, 136 (5th Cir.1980).

Determining that the third party complaint presents a "separate and independent claim" that is "joined" to a non-removable claim within the meaning of § 1441(c) does not end the analysis, however.[13] It must still be determined whether that separate and independent claim "would be removable if sued on alone" within the meaning of the statute. For that we must look to the other subsections of § 1441.[14]

### II

The general rule on removability of actions is stated in 28 U.S.C. § 1441(a) (1976).

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.*

Some courts have held that a third party defendant such as Ford is not a "defend-

---

*Freight System, Inc.,* 171 F.Supp. 754, 762–63 (W.D.Ark.1959); *Sequoyah Feed & Supply Co. v. Robinson,* 101 F.Supp. 680, 682 (W.D.Ark. 1951). *See also Moore & VanDercreek, Multi-Party, Multi-Claim Removal Problems: The Separate and Independent Claim Under Section 1441(c),* 46 Iowa L.Rev. 489, 509–12 (1961); Note, *Federal Jurisdiction: Removal: Judicial Code Section 1441(c): Removable "Separate and Independent Claim or Cause of Action.",* 40 Calif.L.Rev. 317, 324 (1952); Recent Decisions, *Federal Procedure—Removal Denied to Impleaded Party Under 28 U.S.C. 1441(c),* 51 Mich.L.Rev. 115 (1952).

**13.** Some have argued that third party actions are not removable because they are too "ancillary" to the main action. *See, e.g., White v. Baltic Conveyor Co.,* 209 F.Supp. 716 (D.N.J. 1962); 1A J. Moore, *supra* note 7, ¶ 0.167[10] at

418–20. Section 1441(c) is the answer to this argument. If an action qualifies as "separate and independent" within the meaning of the statute, then Congress clearly has decided, in § 1441(c), that it is not too "ancillary" to qualify for removal. *Motor Vehicle Cas. Co. v. Russian River C'nty Sanitation Dist.,* 538 F.Supp. 488, 492 (N.D.Cal.1981). Any other conclusion would be pure judicial legislation.

**14.** If the third party action is not removable under § 1441(a) and (b), it could hardly be removable under subsection (c). The word "removable" in subsection (c) can only be given content by reference to the other provisions in § 1441. *See Southland Corp. v. Estridge,* 456 F.Supp. 245, 248 (C.D.Cal.1971); *Greater New York Mut. Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 248 (E.D.Pa.1971); 14 C. Wright, *supra* note 7, § 3724 at 647–48.

ant" within the meaning of the statute.[15] If Congress intended "defendant" to include only defendants in the original state action, Ford would not be eligible to remove under § 1441(a).

The starting point for examining the meaning of the term "defendant" in the statute, which is a question of federal law and does not turn on how the party seeking removal is characterized under state law, see *Chicago, Rock Island & Pacific Railroad Co. v. Stude,* 346 U.S. 574, 579–80, 74 S.Ct. 290, 294–295, 98 L.Ed. 317 (1954), is *West v. Aurora City,* 73 U.S. (6 Wall.) 139, 18 L.Ed. 819 (1867). There, the plaintiff filed a nonfederal claim in state court. The defendant responded with a counterclaim which could have originally been brought in federal court. The plaintiff-counterdefendant then sought to remove. The Court* held that there was no removal jurisdiction. The plaintiff, by filing the original suit, had submitted himself voluntarily to the jurisdiction of the state court and hence did not qualify as a "defendant."[16] The Court subsequently adhered to this view, stating that it had been incorporated by Congress into the current removal statute, in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

The rationale of *West* and *Shamrock Oil* indicate that Ford qualifies as a "defendant." Unlike the party seeking removal in *West,* it had never voluntarily submitted itself to the jurisdiction of the state court.

It was dragged into state court by service of process the same way that any other "defendant" is brought into court. Moreover, § 1441(c) argues for this result. Under that section, the only claim that need be removable is the "separate and independent claim," which in this case is the third party action against Ford. In judging removability, it makes sense to determine whether it is the "defendant" in the assertedly removable claim that seeks removal. When that is done, it is clear that "Ford" is the "defendant," it is the franchisees who as plaintiffs brought Ford into the case and seek recovery against it. Ford is as much a defendant as if the case had been originally brought against it.[17] Ford has been sued in the only meaningful sense of the word—it has been haled into court involuntarily and must defend an action for relief against it. That makes Ford a "defendant."[18]

There is another reason not to construe a third party defendant as a "defendant" within the meaning of § 1441(a), however. Removal jurisdiction was designed to give parties a sequential choice of forum. Plaintiffs are given the first choice—they decide whether to sue in state or federal court— but then the choice is left to the defendant. The plaintiff cannot change his mind and remove since only "defendants" can remove. Thus, if the action remains in state court, it is because one or both parties want it there.[19] However, if third parties are

---

15. See, e.g., *Loew's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008, 1010 (M.D.Ala.1977); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716, 719 (D.N.J.1962).

16. See also *Southland Corp. v. Estridge,* 456 F.Supp. 1296, 1298–99 (C.D.Cal.1978) (explaining *West* ).

17. See, e.g., *Central of Georgia Ry. Co. v. Riegel Textile Corp.,* 426 F.2d 935, 938 (5th Cir. 1970); *Peturis v. Fendley,* 496 F.Supp. 203, 204 (S.D.Ala.1980); *Gamble v. Central of Georgia Ry. Co.,* 356 F.Supp. 324, 328 (M.D.Ala.), rev'd on other grounds, 486 F.2d 781 (5th Cir.1973); *Coleman v. A & D Machinery Co.,* 298 F.Supp. 234, 236 (E.D.Cal.1969).

18. It is for this reason that some courts have justified removal jurisdiction over third party actions, arguing that a uniform statute such as

§ 1441 should not give rise to different results depending on whether a given state permits the filing of third party complaints instead of forcing the filing of a separate, removable action. See *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133, 135–36 (5th Cir.1980); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.,* 279 F.Supp. 803 (D.Mont. 1968); *Industrial Lithographic Co. v. Mendelsohn,* 119 F.Supp. 284, 286 (D.N.J.1954). The weight of this argument is unclear, however, since the rule of *West* and *Shamrock Oil* makes removability turn on local counterclaim practice. See *Central of Georgia Ry. Co. v. Riegel Textile Corp.,* 426 F.2d 935, 938 (5th Cir.1970).

19. In this case, only FMC had a choice of forum since the franchisors could not remove the case under 28 U.S.C. § 1441(b) (1976).

permitted to remove as "defendants" under § 1441(a), this will defeat the choice of forum made by plaintiffs and the original "defendants" which Congress meant to protect. Third party defendants cannot remove if this congressionally mandated respect for the original parties' choice of forum is to be preserved, it is argued.[20] To let the third party defendant remove is akin to permitting the "tail to wag the dog." [21]

This argument overlooks the interest in protecting the third party defendant's choice of forum, however. If the franchisees had brought a separate action against Ford, before FMC had brought suit, Ford would have had the right to remove the case as a "defendant." Accepting the above argument makes the third party defendant's ability to obtain a federal forum turn on the fortuity of who sues first, FMC or the franchisors.[22]

Moreover, by depriving the third party defendant of its right to removal, a fundamental congressional and constitutional policy is subverted. Had the franchisees sued Ford in an original action, there would have been federal jurisdiction over the action because the parties would have been citizens of different states. See 28 U.S.C. § 1332 (1976). Congress, as well as the Framers of the Constitution, created diversity jurisdiction to protect litigants from the prejudices they might encounter in state courts against citizens of foreign states.[23] If removal is not permitted here, Ford, a foreign citizen, must defend an action brought by citizens of Illinois in their own state courts. That is exactly the situation where Congress and the Framers intended a litigant to have access to a federal forum. Thus, removal is required to give effect to the federal policy of protecting out-of-state litigants against local prejudices in the state courts.[24]

Thus, the original parties' choice of forum can only be protected at the cost of sacrificing an important federal policy. This dilemma might require us to choose between the two policies. However, there is a way to protect both the original choice of forum and the third party defendant's right of access to a federal forum. That is for the court to exercise its discretion to remand the nonremovable claim under the last clause of § 1441(c). Partial remand is ordinarily the preferred course; in fact, every case that we have been able to find which

---

20. See *Luebbe v. Presbyterian Hosp.*, 526 F.Supp. 1162, 1164 (S.D.N.Y.1981); *Chase v. North American Systems, Inc.*, 523 F.Supp. 378, 382 (W.D.Pa.1981); *Parks v. Physicians & Surgeons Building Corp.*, 324 F.Supp. 883 (W.D.Okl.1971); *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321, 323–24 (N.D.Ill.1967).

21. See *Luebbe v. Presbyterian Hosp.*, 526 F.Supp. 1162, 1164 (S.D.N.Y.1981); 1A J. Moore, *supra* note 7, ¶ 0.167[10].

22. See *Motor Vehicle Cas. Co. v. Russian River C'nty Sanitation Dist.*, 538 F.Supp. 488, 492–93 (N.D.Cal.1981); *Bond v. Doig*, 433 F.Supp. 243, 247 (D.N.J.1977).

23. See *Guaranty Trust Co. v. York*, 326 U.S. 99, 111–12, 65 S.Ct. 1464, 1470–1471, 89 L.Ed. 2079 (1945); *Burford v. Sun Oil Co.*, 319 U.S. 315, 336–37, 63 S.Ct. 1098, 1108–1109, 87 L.Ed. 1424 (1943) (Frankfurter, J., dissenting); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74, 58 S.Ct. 817, 820, 82 L.Ed. 1188 (1938); *Pease v. Peck*, 59 U.S. (18 How.) 595, 599, 15 L.Ed. 518 (1856); *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 347, 4 L.Ed. 7 (1816); *Bank of United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 87, 3 L.Ed. 38 (1809); *Smith v. Metropolitan Prop. & Liab. Ins. Co.*, 629 F.2d 757, 761 n. 7 (2d Cir. 1980); *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 35 (7th Cir.1979), *cert. denied*, 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed. 785 (1980); *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 n. 17 (5th Cir.1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *Baltimore Bank for Cooperatives v. Farmers Cheese Co-op.*, 583 F.2d 104, 112 (3d Cir.1978); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 n. 6 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir.1968); *Caso v. Lafayette Radio Elec. Corp.*, 370 F.2d 707, 710 (1st Cir.1966); *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 65 (4th Cir.1965).

24. See *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir.1970). See also Comment, *Diversity Removal Where the Federal Court Would Not Have Original Jurisdiction: A Suggested Reform*, 114 U.Pa.L. Rev. 709 (1966).

has permitted the removal of a third party action also remands the original claim to the state court.[25] By remanding the original action and retaining the third party action the court can protect the original parties' choice of forum while preserving the third party defendant's right of access to a federal forum.[26] In this case, we can retain the third party action against Ford, thus preserving Ford's right not to have to defend a suit brought by an Illinois citizen in the state courts of Illinois. Remand will not prejudice the interests of judicial economy, since, as we noted above, the third party action is based on a different course of conduct than is the original action, so separate trials in the state and federal courts should not result in any duplication of effort.[27] Thus, the policies underlying the jurisdictional statutes at issue are served by permitting removal in this case, without interfering with the original parties' choice of forum for their action, if removal is permitted.[28]

### III

To be removable, this case must also satisfy 28 U.S.C. § 1441(b) (1976), which provides,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.*

Since original jurisdiction over this action is founded on diversity of citizenship, the

---

**25.** *See* cases cited, note 8, *supra. But cf. Marsh Investment Corp. v. Langford,* 494 F.Supp. 344, 350–51 (E.D.La.1980) (no remand where propriety of removal was not raised until after trial and plaintiff did not seek remand to protect its choice of forum), *aff'd,* 652 F.2d 583 (5th Cir.1981) (per curiam), *cert. denied,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). Remand is also advisable since there is a question as to the constitutionality of hearing a non-federal claim that is separate and independent—and hence not part of the same "case or controversy"—as the federal claim over which there is jurisdiction. *See* Lewin, *The Federal Courts' Hospitable Back Door—Removal of "Separate and Independent" Non-Federal Causes of Action,* 66 Harv.L.Rev. 423 (1953). *But see Twentieth Century-Fox Film Corp. v. Taylor,* 239 F.Supp. 913, 918–21 (S.D.N.Y.1965); Cohen, *Problems in the Removal of a "Separate and Independent" Claim or Cause of Action,* 46 Minn.L.Rev. 1 (1961).

**26.** *See Peturis v. Fendley,* 496 F.Supp. 203, 205 (S.D.Ala.1980); *Coleman v. A & D Machinery Co.,* 298 F.Supp. 234, 236–37 (E.D.Cal.1969).

**27.** Thus, we disagree with courts that claim that permitting removal in this type of case will create diseconomies, *see Greater New York Mut. Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 249 (E.D.Pa.1971); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716, 721–22 (D.N.J. 1962). Professors Wright and Miller acknowledge the force of our analysis—that removal followed by remand protects the relevant interests—but argue that this creates an additional

procedural step which vitiates judicial economy. *See* 14 C. Wright, *supra* note 7, § 3724 at 646. However, a simple rule that all third party defendants can remove but that, absent extraordinary circumstances, the original action will be remanded would be simple to administer. Parties would rarely litigate the question of remand. Judicial economy considerations are truly significant only when it comes to apportioning precious trial time, and the procedure we adopt should create no diseconomy on that front.

**28.** It does appear that when § 1441 was last revised, it was thought that the fear of local prejudice—which is admittedly significant to our conclusion that Ford's right to remove should be protected—was less significant than in the past. In particular, the revision deleted the provision permitting removal where local prejudice could be demonstrated for this reason. *See Greater New York Mut. Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 248 (E.D.Pa.1971); 28 U.S.C. § 1441 Revisors' Note (1976). However, the revision did not delete the distinction drawn by § 1441(b): only out-of-staters may remove diversity cases. The only rationale for this distinction is the local prejudice argument that in-staters need not fear their own courts, but out-of-staters have reason to seek a federal forum. Thus, for purposes of § 1441(b), it remains the case that Congress is still concerned with protecting out-of-staters from having to litigate in the courts of foreign states.

last sentence of § 1441(b) is applicable. Thus, we must decide whether any of the "defendants" is a citizen of Illinois. If so, removal is forbidden.

The simplest argument is that since the franchisees were joined and served as defendants in the original action brought by FMC, there is no removal jurisdiction since the franchisees are citizens of Illinois. However, this argument shares the defects of the construction of "defendant" in § 1441(a) as excluding third party defendants which we rejected above. First, the rationale of *West* and *Shamrock Oil* suggests that a party which voluntarily submits its claim to the jurisdiction of the state courts is not a defendant. That is what the franchisees did here—they were not compelled to bring their third party action as part of the case with FMC but did so voluntarily. Second, this approach overlooks the fundamental purpose behind § 1441(b). Section 1441(b) excludes litigants from removing actions brought in the courts of their home states when no federal questions are involved since the rationale for diversity jurisdiction is absent in such cases—litigants need not fear local prejudices against out-of-staters when they are haled into their own local courts. That is not the case with Ford. It is an out-of-stater which has been haled into the courts of Illinois to defend an action brought by Illinois citizens. The rationale for diversity jurisdiction is fully applicable to the third party claim here, and the rationale for the limitation in § 1441(b) is not. In light of § 1441(b)'s purpose, it makes sense to look only to the separate and independent removable claim—the third party action—and test it against the statute. It makes no sense to test FMC's claim against the franchisees under § 1441(b) since it cannot be removable anyway.

By accepting the third party claim and remanding the original claim we comply fully with § 1441(b). That keeps the lawsuit against Illinois citizens in state court, where Congress wanted it, while permitting the lawsuit against the noncitizen defendant to be heard in a federal forum.

## IV

Some courts have held that removal under § 1441(c) based on third party actions is prohibited by 28 U.S.C. § 1446(b) (1976). The argument begins with a line of Supreme Court cases which held that if an action is nonremovable when first filed in state court, it can only become removable by a voluntary act of the plaintiff.[29] That principle was adopted by Congress in § 1446(b),[30] which provides in pertinent part,

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be as-

---

**29.** See *Great Northern R. Co. v. Alexander,* 246 U.S. 276, 281–82, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918); *American Car & Foundry Co. v. Kettlehake,* 236 U.S. 311, 314–16, 35 S.Ct. 355, 355–356, 59 L.Ed. 594 (1915); *Lathrop, Shea & Henwood Co. v. Interior Construction & Improvement Co.,* 215 U.S. 246, 249–51, 30 S.Ct. 76, 77–78, 54 L.Ed. 177 (1909); *Kansas City Sub. Belt Ry. v. Herman,* 187 U.S. 63, 69–70, 23 S.Ct. 24, 26–27, 47 L.Ed. 76 (1902); *Whitcomb v. Smithson,* 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900).

**30.** See *Debry v. Transamerica Corp.,* 601 F.2d 480, 486–88 (10th Cir.1979); *Self v. General Motors Corp.,* 588 F.2d 655, 657–58 & n. 4 (9th Cir.1978); *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547–48 (5th Cir.1967); *Hopkins Erecting Co. v. Briarwood Apartments,* 517 F.Supp. 243, 249–50 (E.D.Ky.1981); *Saylor v. General Motors Corp.,* 416 F.Supp. 1173, 1174–75 (E.D.Ky.1975); *Ennis v. Queen Ins. Co.,* 364 F.Supp. 964 (W.D.Tenn.1973); *Hum v. Missouri Pac. R. Co.,* 292 F.Supp. 65, 66 (E.D.Ark. 1968); *Squibb-Mathieson Int'l Corp. v. St. Paul Mercury Ins. Co.,* 238 F.Supp. 598 (S.D.N.Y. 1965); *Potter v. Carvel Stores of New York, Inc.,* 203 F.Supp. 462, 467 (D.Md.1962), aff'd, 314 F.2d 45 (4th Cir.1963) (per curiam); *Stone v. Foster,* 163 F.Supp. 298 (W.D.Ark.1958). But see Comment, *The Effect of Section 1446(b) on the Nonresident's Right to Remove,* 115 U.Pa.L.Rev. 264 (1966).

certained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) (1976). Since Congress intended to adopt the traditional rule, the "amended pleading, motion, order or other paper" must be one that has been filed by the plaintiff. Since a third party complaint is not filed by the plaintiff, it does not qualify as a pleading that can trigger removability under § 1446(b), it is argued.[31]

However, once again this argument overlooks the question of what is the relevant claim that must be tested under the statute. If the relevant claim is the removable claim under § 1441(c), then the third party complaint is filed by the plaintiff, since in that "separate and independent claim" it is the third party plaintiff that qualifies as the plaintiff under § 1446(b).

Moreover, the underlying purposes of § 1446(b) are not offended by removal in this case. The old Supreme Court cases indicate that the purpose of the traditional rule is to protect plaintiff's choice of forum as long as he wants it protected. *See, e.g., Great Northern R. Co. v. Alexander,* 246 U.S. 276, 281–82, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918). Removal was impossible unless plaintiff voluntarily made the case removable. However, permitting removal and then exercising our power to remand under § 1441(c) comports fully with this policy. By remanding FMC's case against the franchisees, we protect its right under § 1446(b) not to be involuntarily haled into federal court, while still protecting Ford's right to seek a federal forum which otherwise would be lost by the franchisees' decision to sue Ford as a third party defendant instead of bringing a separate action.

## V

This case was properly removed from the Circuit Court of McHenry County, Illinois, pursuant to 28 U.S.C. § 1441(c) (1976).[32] On the court's motion, FMC's claim against defendants Aaron-Lincoln, Dulberger and Nelson as well as defendants' counterclaims against FMC are remanded to the Circuit Court of McHenry County, Illinois. All motions in the actions between FMC and Aaron-Lincoln, Dulberger and Nelson are denied as moot. They should be presented to the state court on remand. The third party action by Aaron-Lincoln, Dulberger and Nelson against Ford is retained for adjudication in this court. Prior trial schedule to stand.

---

**31.** *See Hopkins Erecting Co. v. Briarwood Apartments,* 517 F.Supp. 243, 249–50 (E.D.Ky. 1981); *White v. Hughes,* 409 F.Supp. 1005, 1008 (W.D.Tenn.1975).

**32.** FMC was not required to join in the removal petition. It is well-settled that when removal is based on the existence of a separate and independent claim under § 1441(c), only the defendant in that separate and independent claim need join in the removal petition under § 1446. *See* C. Wright, *supra* note 7, § 3731 n. 9 (1976 & Supp.1983). This rule is entirely consistent with our holding that only the parties to the separate and independent claim under § 1441(c) are relevant to determining removability under § 1441(a) and (b) and 1446(b).

Since no claim is made that Ford is liable to the franchisees for part of FMC's claim against them, we doubt that the third party action was properly maintained under Ill.Rev.Stat. ch. 110, ¶ 2–406(b) (1981). However, as long as the state court had subject matter jurisdiction over the action, removal is proper. *See Freeman v. Bee Machine Co.,* 319 U.S. 448, 451–52, 63 S.Ct. 1146, 1148–1149, 87 L.Ed. 1509 (1943); 1A J. Moore, *supra* note 7, ¶ 0.157[3]. Under Illinois law, misjoinder of a party does not deprive a court of subject matter jurisdiction. *See Horwath v. Parker,* 72 Ill.App.3d 128, 28 Ill.Dec. 90, 390 N.E.2d 72 (1979); *People ex rel. Jones v. Leviton,* 327 Ill.App. 309, 64 N.E.2d 195 (1945); *Hitchcock v. Reynolds,* 278 Ill.App. 559 (1935); Ill.Rev.Stat. ch. 110, ¶ 2–407 (1981).