BYBEE, Circuit Judge,
concurring:
I join Judge M. Smith’s opinion in full, but I write separately to emphasize that Congress may wish to reexamine the applicability of the original defendant rule in the Class Action Fairness Act context.
In this case, what started as a $20,000 debt-collection case has now morphed into a complex class action involving approximately 7,000 counter-plaintiffs and an amount in controversy in the hundreds of millions of dollars. The original action filed by Westwood Apex against Jesus Contreras has been consumed by Contreras’s counterclaim. The original debt is now a sideshow, an insignificant offset to anything recovered by the class. It is thus counterintuitive that CAFA does not authorize the removal of this suit but, for the reasons explained in the principal opinion, the court has properly adopted the original defendant rule as CAFA’s own.
Under the original defendant rule, as adopted by a majority of the circuits, only an original defendant (i.e., a defendant named in the pleading that commenced the action) may remove a case to federal court. Although courts derived this rule from Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), Shamrock Oil does not compel it. Shamrock Oil held that an original plaintiff against whom the defendant asserts a permissive counterclaim may not remove the suit to federal court on the grounds of diversity of citizenship because, by voluntarily choosing to commence his action in state court, the original plaintiff thereby submitted himself to the state court’s jurisdiction. Shamrock Oil, 313 U.S. at 106-07, 61 S.Ct. 868. As the Su *808 preme Court explained nearly 150 years ago, original plaintiffs who “voluntarily resort[ ] ... to the State court ... [are] bound to know of what rights the defendants to their suit might avail themselves under [that State’s rules of civil procedure]. Submitting themselves to [this] jurisdiction they submit[ ] themselves to it in its whole extent.” West v. Aurora City, 73 U.S. 139, 6 Wall. 139, 142, 18 L.Ed. 819 (1867). Over time, the holding of Shamrock Oil — that an original plaintiff could not remove the case after a counterclaim was filed — transformed into a rule that only the original defendant could remove the case. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 332-33 (4th Cir.2008) (citing cases); First Nat’l Bank of Pulaski v. Curry, 301 F.3d 456, 461-62 (6th Cir.2002).
Unlike an original plaintiff who, by voluntarily choosing to bring his action in state court, thereby submits himself to the state court’s jurisdiction, a third-party defendant or an additional counterclaim defendant has no say in the chosen forum. This defendant “never voluntarily submitted [himself] to the jurisdiction of the state court,” is “dragged into state court by service of process the same way that any other ‘defendant’ is brought into court,” and “is as much a defendant as if the case had been originally brought against [him].” Ford Motor Credit Co. v. Aaron-Lincoln Mercury, 563 F.Supp. 1108, 1113 (N.D.Ill. 1983). In other words, this defendant “has been sued in the only meaningful sense of the word — [he] has been haled into court involuntarily and must defend an action for relief against [him].” Id.
Here, these concerns are even more acute because Contreras’s counterclaim is unrelated to the original debt-collection action instituted by the plaintiff. “[I]t is [thus] difficult to see what practical effect or even conceptual distinction exists between a defendant defending against an original claim and a plaintiff defending against a counterclaim.” Recent Development, A Plaintiffs Power to Remove to Federal Court, 53 Colum. L.Rev. 282, 283 (1953). Additionally, even the application of Shamrock Oil’s rationale to the original plaintiff may be questioned under these circumstances: that Westwood Apex “[brought its] claim in state court does not evidence acquiescence to state court jurisdiction of [an unrelated] counterclaim when, as in the instant case, that is the only available forum because [its] claim is below the federal jurisdictional amount.” Id.
Until today, our circuit had never adopted the original defendant rule; that is, we had not yet decided whether to extend the Shamrock Oil rule to cases in which the removing party is either a third-party defendant or an additional counterclaim defendant. The closest we came was remarking in a pre-CAFA case that it presented an “interesting question.” O’Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 (9th Cir.1988). We extend Shamrock Oil today, but ironically we have no occasion to reflect on whether Shamrock Oil’s rationale warrants its extension. Because of CAFA’s unique context, it suffices to recognize that the original defendant rule is an established legal principle (whether or not we have established such a principle in our circuit), see Palisades Collections, 552 F.3d at 332 (“For more than fifty years, courts applying Shamrock Oil have consistently refused to grant removal power under § 1441(a) to third-party defendants.”), that Congress understood established legal principles at the time it enacted CAFA, see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir.2006) (“CAFA ... evidences detailed appreciation of the background legal context.”), and that Congress was careful to make clear when it was eliminating an established legal principle, see First Bank *809 v. DJL Props., 598 F.3d 915, 917 (7th Cir.2010) (“If the drafters of the 2005 Act wanted to negate Shamrock Oil, they could have written ‘defendant (including a counterclaim defendant)’ or ‘any party’.... But they chose the unadorned word ‘defendant,’ a word with a settled meaning.”).
The facts of our case, however, highlight the problems with this approach. Here, the removing parties did not choose to litigate this lawsuit in state court; they are not original parties and therefore not within a close reading of Shamrock Oil. Rather, they were forced into state court when Contreras transformed a $20,000 debt-collection lawsuit into an unrelated multi-million dollar class action by filing a counterclaim not only against the original plaintiff, but also against the removing parties. Had Contreras filed this class action separately and not by means of a counterclaim, the defendants could have removed the case from state court to federal court under 28 U.S.C. § 1453; but because Contreras did not do so, they must now, by happenstance, litigate in state court.
Given that “Congress expressly intended CAFA to expand federal diversity jurisdiction over class actions,” Lowery v. Alabama Power Co., 483 F.3d 1184, 1197 (11th Cir.2007), it seems strange that Congress would have wanted to funnel class actions filed by means of an original complaint into federal court but keep those filed by means of a counterclaim in state court. But as the court correctly concludes, CAFA achieves this particular result, and if Congress does not like it, Congress should rethink the rule.